1  MARK SHINDERMAN (State Bar No. 136644)
   mshinderman@milbank.com
2  WILLIAM SCHUMACHER (State Bar No. 303862)
   wschumacher@milbank.com
3  MOHAMMAD TEHRANI (State Bar No. 294569)
   mtehrani@milbank.com
4  MILBANK LLP
   2029 Century Park East, 33rd Floor
5  Los Angeles, CA 90067
   Telephone:    (424) 386-4000
6  Facsimile:    (213) 629-5063

7  Proposed Attorneys for Robert Kors,
   the Chapter 11 Trustee

8

9              **UNITED STATES BANKRUPTCY COURT**

10      **CENTRAL DISTRICT OF CALIFORNIA—LOS ANGELES DIVISION**

11  | In re: | Case No. 2:21-bk-10826-BB |

12  KFIR GAVRIELI,                    Chapter 11

13                                    **CHAPTER 11 TRUSTEE'S
                                      APPLICATION TO RETAIN AND
14              Debtor.               EMPLOY MILBANK LLP AS
                                      COUNSEL, EFFECTIVE AS OF JULY
15                                    13, 2021**

16                                    **DECLARATIONS OF MARK
                                      SHINDERMAN AND ROBERT KORS IN
17                                    SUPPORT**

18                                    [No Hearing Required Unless Requested
                                      Pursuant to Local Bankruptcy Rule 2014-1]

19         Robert Kors, the chapter 11 trustee in the above-captioned case (the "Trustee"), hereby

20  submits this application (the "Application") for the entry of an order authorizing the Trustee to retain

21  and employ Milbank LLP ("Milbank") as counsel for the Trustee, effective as of July 13, 2021 (the

22  "Election Date"), pursuant to section 327(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-

23  1532 (as amended, the "Bankruptcy Code"),[1] rules 2014, 2016, and 5002 of the Federal Rules of

24  Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 2014-1 of the Local Bankruptcy Rules of

25  the United States Bankruptcy Court for the Central District of California (the "Local Rules").

26

27  _____

28  [1]  Unless specified otherwise, all references to "section" used herein are to the Bankruptcy Code, 11 U.S.C. §§ 101, *et
     seq.*, as amended.

This Application is supported by the accompanying declarations of Mark Shinderman, a partner in Milbank's Financial Restructuring Group, and the Trustee (the "Kors Declaration"). In further support of the Application, the Trustee respectfully represents as follows:

**BACKGROUND**

On February 1, 2021, Kfir Gavrieli (the "Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with this Court. The Debtor served as the debtor-in-possession until June 16, 2021, when the United States Trustee for Region 16 (the "U.S. Trustee") appointed the interim chapter 11 trustee, Sara Chenetz (the "Predecessor Trustee"), pursuant to the *Order Following Order to Show Cause Re: Appointment of Chapter 11 Trustee and Directing United States Trustee to Appoint a Chapter 11 Trustee; Order Denying Debtor's Oral Motion For A Stay Pending Appeal* [Docket No. 349]. The Court approved the Predecessor Trustee's appointment on June 17, 2021 [Docket No. 362].

On June 18, 2021, the U.S. Trustee received the *Request to the United States Trustee Pursuant to 11 U.S.C. § 1104(b)(1) and Fed. R. Bankr. P. 2007.1(b) to Convene Meeting of Creditors to Elect a Chapter 11 Trustee* [Docket No. 364], filed by the Official Committee of Unsecured Creditors (the "Committee") and certain other parties in interest. The U.S. Trustee noticed a meeting of creditors pursuant to section 1104(b) on June 22, 2021 (the "Meeting of Creditors"), and scheduled the Meeting of Creditors for July 13, 2021, at 9:15 a.m. *United States Trustee's Report of Undisputed Election of Trustee and Certification of Election at the Meeting of Creditors* [Docket No. 401] at 3:9-11. The U.S. Trustee received no objections to the request for a trustee election, and all claims that voted at the Meeting of Creditors cast their ballots in the Trustee's favor. *Id.* at 4:10, 6:14-15.

The U.S. Trustee appointed the Trustee on July 27, 2021. *United States Trustee's Appointment of Robert Kors as Chapter 11 Trustee* [Docket No. 402]. The Court approved the Trustee's appointment on July 28, 2021. *Order Approving Appointment of Chapter 11 Trustee* [Docket No. 404]. The Trustee accepted the appointment on July 29, 2021. *Acceptance of Appointment of Chapter 11 Trustee* [Docket No. 407].

## JURISDICTION AND VENUE

This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. §§ 157(b)(2).

## RELIEF REQUESTED

By this Application, the Trustee seeks entry of an order authorizing the retention and employment of Milbank as his counsel, effective as of the Election Date.

## MILBANK'S QUALIFICATIONS

Milbank is one of the largest law firms in the United States, with national and international practices, and has experience in all aspects of the law that may arise in this chapter 11 case. Milbank's principal office is located at 55 Hudson Yards, New York, NY 10001, and it has offices in Washington, D.C., Los Angeles, Sao Paulo, London, Frankfurt, Munich, Singapore, Hong Kong, Beijing, Tokyo, and Seoul.

Milbank is particularly well-suited for the type of representation required by the Trustee. Milbank has practiced in the areas of insolvency and reorganization for more than fifty years. Milbank's Financial Restructuring Group currently comprises approximately 75 attorneys worldwide. Milbank has been actively involved in many of the most significant restructurings in the United States and has represented trustees, debtors, and creditors in many large chapter 11 cases in this district and others, including: *In re Verity Health System of California, Inc., et al.,* No. 18-20151 (ER) (Bankr. C.D. Cal. 2018); *In re Knotel, Inc., et al.*, No. 21-10146 (MFW) (Bankr. D. Del. 2021); *In re Guitar Center, Inc.*, No. 20-34657 (KRH) (Bankr. E.D. Va. 2020); *In re Avianca Holdings, S.A., et al.*, No. 20-11133 (MG) (Bankr. S.D.N.Y. 2020); *In re OneWeb Global Limited, et al.*, No. 20-22437 (RDD) (Bankr. S.D.N.Y. 2020); *In re Internap Technology Solutions Inc.,* No. 20-22393 (RDD) (Bankr. S.D.N.Y. 2020); *American Commercial Lines, Inc.,* No. 20-30982 (MI) (Bankr. S.D. Tex. 2020); *In re PG&E Corp.*, Case No. 19-30088 (DM) (Bankr. N.D. Cal. 2019); *In re Remington Outdoor Company, Inc.*, No. 18-10684 (BLS) (Bankr. D. Del. 2018); *In re First Energy Solutions, Corp.*, Case No. 18-50757 (AMK) (Bankr. N.D. Ohio 2018); *In re TK Holdings Inc.*, Case No. 17-

11375 BLS) (Bankr. D. Del. 2017); and *In re M & G USA Corp.*, Case No. 17-12307 (BLS) (Bankr. D. Del. 2017).

Furthermore, the Trustee desires that Milbank represent him in this chapter 11 case because of Milbank's experience and expertise in bankruptcy law and ability to immediately and knowledgeably assist the Trustee in his efforts to maximize the value of the Debtor's estate.

## **SERVICES TO BE PROVIDED**

The Trustee respectfully submits that it will be necessary to employ and retain Milbank pursuant to section 327(a) of the Bankruptcy Code to render the following services, among others, as directed by the Trustee:

(a)    advising the Trustee with respect to his rights, powers, and duties as the chapter 11 trustee in the administration of the bankruptcy estate and assets thereof;

(b)    advising the Trustee in connection with the restructuring of the Debtor's financial obligations, including negotiations with the Debtor's creditors and other stakeholders with respect to the foregoing, and other legal services related to the Trustee's restructuring of the financial obligations of the Debtor;

(c)    advising and consulting on the conduct of this chapter 11 case, including the legal and administrative requirements of chapter 11;

(d)    advising the Trustee and taking all necessary or appropriate actions at the Trustee's direction with respect to protecting and preserving the bankruptcy estate, including defense of any actions commenced against the estate, resolution of disputes in which the estate is involved, and objecting to claims asserted against the estate;

(e)    attending meetings and negotiating with parties in interest, including governmental authorities, as necessary;

(f)    drafting all pleadings necessary or otherwise appropriate in connection with the administration of this chapter 11 case;

(g)    representing the Trustee in connection with continued use of cash collateral and postpetition financing;

(h)    providing advice, representation and taking all necessary or appropriate actions in connection with legal bankruptcy issues, strategic transactions, asset sale transactions, real estate, intellectual property, employee benefits, business and commercial litigation, regulatory, corporate and tax matters, and prosecution and settlement of claims both against and by the estate;

(i)     advising the Trustee in connection with any possible sale of assets and similar or related transactions;

(j)     advising the Trustee concerning assumptions, assignments, and rejections of executory contracts and unexpired leases;

(k)     appearing before the Court and any appellate courts to represent the interests of the Trustee and/or the estate;

(l)     taking all necessary or appropriate actions as may be required in connection with the administration of the estate, including with respect to a chapter 11 plan and related disclosure statement; and

(m)     performing all other legal services in connection with this chapter 11 case as may be requested by the Trustee.

The Trustee may, from time to time, request that Milbank undertake specific matters beyond the scope of the services described above. Should Milbank agree, in its sole discretion, to undertake any such specific matter(s), the Trustee requests authority to employ Milbank for such matter(s) without further order of this Court.

By the Trustee's *Application to Amend Orders Approving Employment of Certain Estate Professionals Effective as of July 28, 2021* [Docket No. 423], the Trustee is seeking to employ and retain certain counsel previously retained by the Debtor: (a) Hueston Hennigan LLP ("Hueston Hennigan") as special litigation counsel; (b) The Law Offices of A. Laver Taylor LLP as special tax counsel; and (c) Hochman Salkin Toscher Perez PC ("Hochman") as special tax counsel (collectively, the "Other Retained Counsel").   The Other Retained Counsel had represented the Debtor prior to the petition date, with Hueston Hennigan having represented the Debtor since 2017 on litigation matters and Hochman having representing the Debtor since 2018 on tax matters.

The Trustee recognizes that efficient coordination among his professionals is necessary for the effective and efficient administration of this chapter 11 case.   The Trustee, Milbank, and the Other Retained Counsel have discussed the anticipated division of responsibilities between Milbank and the Other Retained Counsel, and the Trustee intends to monitor his professionals (and other professionals retained by the estate) carefully to ensure a clear delineation of their respective duties and roles so as to prevent a duplication of effort.

## DISCLOSURE OF MILBANK'S COMPENSATION BY THE TRUSTEE

In the one-year period prior to the Election Date, Milbank received no payments from the Trustee, nor did Milbank receive a retainer from the Trustee.

Milbank intends to apply to the Court for allowance of compensation and reimbursement of out-of-pocket expenses incurred on and after the Election Date in connection with this chapter 11 case in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court, including the *Order on Debtor's Motion Establishing Interim Fee Application and Expense Reimbursement Procedures* [Docket No. 103]. Milbank recognizes that the U.S. Trustee is charged with reviewing all applications for compensation and that, in reviewing Milbank's fee applications, the U.S. Trustee will utilize the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases*, effective as of June 11, 2013 (the "U.S. Trustee Guidelines").

If this Application is approved, Milbank will be compensated at its standard hourly rates charged in the United States, which are based on the applicable professional's level of experience. At present, the standard hourly rates charged by Milbank are as follows:

| Billing Category | Range |
| --- | --- |
| Partners | $1,275 to $1,695 |
| Counsel | $1,235 to $1,450 |
| Associates | $495 to $1,105 |
| Legal Assistants | $255 to $405 |

The Trustee understands that these hourly rates are subject to annual and customary firm-wide adjustments in the ordinary course of Milbank's business. The Trustee further understands that Milbank's hourly rates and the corresponding rate structure proposed for this chapter 11 case is consistent with the rates that Milbank charges other comparable clients.

Milbank will maintain detailed, contemporaneous records of time and of any necessary costs and expenses incurred in connection with rendering the legal services described above. It is Milbank's policy to charge its clients for all disbursements and expenses incurred in rendering its professional services. These disbursements and expenses include, among other things, costs for

telephone and facsimile charges, photocopying, travel, business meals, computerized research, messengers, couriers, postage, witness fees, and other fees related to trials and hearings.

Milbank will endeavor to staff this matter as efficiently as possible, only engaging professionals beyond a limited core team of attorneys for specific, discrete issues as warranted and in consultation with the Trustee.

Milbank will comply with the requirements of Local Bankruptcy Rule 2016-1 when requesting compensation or reimbursement for expenses during this chapter 11 case.

## MILBANK'S DISINTERESTEDNESS

To the best of the Trustee's knowledge: (a) Milbank is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the estate; and (b) Milbank has no connection to the Trustee, the Debtor, known creditors, other known parties in interest, their respective attorneys and accountants, the U.S. Trustee, and any person employed by the U.S. Trustee, except as disclosed in the Shinderman Declaration. Milbank has fully informed the Trustee of its ongoing representation of the party described in the Shinderman Declaration in matters unrelated to this chapter 11 case, and the Trustee has consented to Milbank's continued representation of such party.

Milbank will continue to monitor its records to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Milbank will file supplemental declarations, as required by Bankruptcy Rule 2014(a).

Further, Milbank has neither shared nor agreed to share: (a) any compensation it has received or may receive with another party or person, other than with the partners, associates, and contract attorneys associated with Milbank; or (b) any compensation another person or party has received or may receive.

## BASIS FOR RELIEF

Section 327(a) of the Bankruptcy Code provides that a "trustee, with the court's approval, may employ one or more attorneys . . . that do not hold or represent an interest adverse to the estate,

and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties" under the Bankruptcy Code.  11 U.S.C. § 327(a).

The Trustee respectfully requests authority to retain Milbank under section 327(a) of the Bankruptcy Code.   As explained above and in the Shinderman Declaration, Milbank is a disinterested person and well-qualified to assist the Trustee in administering this chapter 11 case. Thus, the Court should approve the Trustee's proposed retention and employment of Milbank.

### MILBANK'S EMPLOYMENT EFFECTIVE AS OF JULY 13, 2021 IS WARRANTED

The Trustee further submits that the circumstances of this chapter 11 case warrants the employment and retention of Milbank effective as of the Election Date.  The Trustee's election and appointment came amid serious allegations against the Debtor, compelling Milbank to work with the Trustee—immediately upon the Trustee's election—to secure the estate's assets, evaluate litigation claims, and ensure the continued, efficient administration of the estate, among other tasks.[2]

Among Milbank's urgent efforts to assist the Trustee in securing the estate's assets included: (a) obtaining control over the Debtor's bank accounts; (b) instructing managers of the Debtor's investments in private companies not to transfer such interests or make distributions on account of such investments to any entity other than the Trustee; (c) ensure access to information regarding Gavrieli Brands, LLC, particularly given derivative action claims filed against the Debtor; (d) engage with exchanges where the Debtor holds cryptocurrency; and (e) develop a feasible, cost-effective and timely strategy to repatriate funds held in accounts in Hong Kong.

In addition to helping secure the estate's assets, Milbank assisted the Trustee immediately upon his election to evaluate legal actions pending before this Court and in state court.  Milbank has worked with the Trustee, the Debtor, the Committee, and opposing counsel to prepare the Trustee to make informed decisions regarding these actions.

Milbank was also required to immediately assist the Trustee ensure the efficient administration of the estate.   Among other tasks, Milbank coordinated with the Trustee and professionals retained by the Debtor to determine which of the Debtor's professionals should be

---

[2] A detailed description of the tasks performed by the Trustee and Milbank prior to filing of this Application is set forth in the *Chapter 11 Trustee's Status Report* [Docket No. 425] and accompanying declaration of Mark Shinderman.

retained by the Trustee.   Relatedly, Milbank moved the Court for authority to amend previously-entered employment orders in order to retain such professionals and set hearings for interim and final fee applications.

Finally, in order to help the Trustee best perform his duties by understanding the relevant facts, perspectives, goals, and concerns of the estate's material stakeholders, Milbank has engaged with the estate's stakeholders on multiple occasions to gather information.   Facilitation of this process included, among other things, the negotiation of a confidentiality agreement to ensure the free flow of information.

In short, Milbank's retention effective as of the Election Date is warranted.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

In accordance with Local Rule 9013-1(c)(4), no memorandum of points and authorities will be filed in connection herewith.  The Trustee respectfully reserves the right to file a brief in reply to any objection to this Application.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, the Trustee respectfully requests that the Court enter an order: (a) authorizing the Trustee to retain Milbank effective as of July 13, 2021; and (b) granting such further relief as is just and proper.

Dated:  September 1, 2021

**MILBANK LLP**


*/s/  Mark Shinderman*
MARK SHINDERMAN
WILLIAM SCHUMACHER
MOHAMMAD TEHRANI

Proposed Attorneys for Robert Kors,
the Chapter 11 Trustee

1  MARK SHINDERMAN (State Bar No. 136644)
   mshinderman@milbank.com
2  WILLIAM SCHUMACHER (State Bar No. 303862)
   wschumacher@milbank.com
3  MOHAMMAD TEHRANI (State Bar No. 294569)
   mtehrani@milbank.com
4  MILBANK LLP
   2029 Century Park East, 33rd Floor
5  Los Angeles, CA 90067
   Telephone:    (424) 386-4000
6  Facsimile:    (213) 629-5063

7  Proposed Attorneys for Robert Kors,
   the Chapter 11 Trustee

8

9                **UNITED STATES BANKRUPTCY COURT**

10        **CENTRAL DISTRICT OF CALIFORNIA—LOS ANGELES DIVISION**

11  In re:                                    Case No. 2:21-bk-10826-BB

12  KFIR GAVRIELI,                            Chapter 11

13                                            **DECLARATION OF MARK
                                              SHINDERMAN IN SUPPORT
14                  Debtor.                    OF CHAPTER 11 TRUSTEE'S
                                              APPLICATION TO RETAIN AND
15                                            EMPLOY MILBANK LLP AS
                                              COUNSEL, EFFECTIVE AS OF
16                                            JULY 13, 2021**

17
                                             [No Hearing Required Unless Requested
18                                           Pursuant to Local Bankruptcy Rule 2014-1]

19        I, Mark Shinderman, declare as follows, under penalty of perjury:

20        1.      I am a partner at Milbank LLP ("Milbank"), proposed attorneys to Robert Kors, the

21  chapter 11 trustee (the "Trustee") in the above-captioned case.  I submit this declaration in support

22  of the *Chapter 11 Trustee's Application to Retain and Employ Milbank LLP as Counsel, Effective As

23  Of July 13, 2021*.  Unless otherwise stated in this declaration, I have knowledge of the facts set forth

24  herein and, if called as a witness, I would testify thereto.[1]

25

26

27  _____
    [1]  Certain of the disclosures set forth herein relate to matters not within my personal knowledge,
28       but rather within the personal knowledge of other attorneys and employees at Milbank, and are
         based on information provided by them to me.

## **MILBANK'S QUALIFICATIONS**

2.      Milbank is one of the largest law firms in the United States, with national and international practices, and has experience in all aspects of the law that may arise in this chapter 11 case. Milbank's principal office is located at 55 Hudson Yards, New York, NY 10001, and it has offices in Washington, D.C., Los Angeles, Sao Paulo, London, Frankfurt, Munich, Singapore, Hong Kong, Beijing, Tokyo, and Seoul.

3.      Milbank is particularly well-suited for the type of representation required by the Trustee. Milbank has practiced in the areas of insolvency and reorganization for more than fifty years. Milbank's Financial Restructuring Group currently comprises approximately 75 attorneys worldwide.  Milbank has been actively involved in many of the most significant restructurings in the United States and has represented trustees, debtors, and creditors in many large chapter 11 cases in this district and others, including: *In re Verity Health System of California, Inc.*, *et al.,* No. 18-20151 (ER) (Bankr. C.D. Cal. 2018); *In re Knotel, Inc., et al.*, No. 21-10146 (MFW) (Bankr. D. Del. 2021); *In re Guitar Center, Inc.*, No. 20-34657 (KRH) (Bankr. E.D. Va. 2020); *In re Avianca Holdings, S.A., et al.*, No. 20-11133 (MG) (Bankr. S.D.N.Y. 2020); *In re OneWeb Global Limited, et al.*, No. 20-22437 (RDD) (Bankr. S.D.N.Y. 2020); *In re Internap Technology Solutions Inc.,* No. 20-22393 (RDD) (Bankr. S.D.N.Y. 2020); *American Commercial Lines, Inc.,* No. 20-30982 (MI) (Bankr. S.D. Tex. 2020); *In re PG&E Corp.*, Case No. 19-30088 (DM) (Bankr. N.D. Cal. 2019); *In re Remington Outdoor Company, Inc.*, No. 18-10684 (BLS) (Bankr. D. Del. 2018); *In re First Energy Solutions, Corp.*, Case No. 18-50757 (AMK) (Bankr. N.D. Ohio 2018); *In re TK Holdings Inc.*, Case No. 17-11375 BLS) (Bankr. D. Del. 2017); and *In re M & G USA Corp.*, Case No. 17-12307 (BLS) (Bankr. D. Del. 2017).

## **SERVICES TO BE PROVIDED**

4.      The Trustee has asked Milbank to render the following services, among others, as directed by the Trustee:

        (a)      advising the Trustee with respect to his rights, powers, and duties as the chapter 11 trustee in the administration of the bankruptcy estate and assets thereof;

(b)    advising the Trustee in connection with the restructuring of the Debtor's financial obligations, including negotiations with the Debtor's creditors and other stakeholders with respect to the foregoing, and other legal services related to the Trustee's restructuring of the financial obligations of the Debtor;

(c)    advising and consulting on the conduct of this chapter 11 case, including the legal and administrative requirements of chapter 11;

(d)    advising the Trustee and taking all necessary or appropriate actions at the Trustee's direction with respect to protecting and preserving the bankruptcy estate, including defense of any actions commenced against the estate, resolution of disputes in which the estate is involved, and objecting to claims asserted against the estate;

(e)    attending meetings and negotiating with parties in interest, including governmental authorities, as necessary;

(f)    drafting all pleadings necessary or otherwise appropriate in connection with the administration of this chapter 11 case;

(g)    representing the Trustee in connection with continued use of cash collateral and postpetition financing;

(h)    providing advice, representation and taking all necessary or appropriate actions in connection with legal bankruptcy issues, strategic transactions, asset sale transactions, real estate, intellectual property, employee benefits, business and commercial litigation, regulatory, corporate and tax matters, and prosecution and settlement of claims both against and by the estate;

(i)    advising the Trustee in connection with any possible sale of assets and similar or related transactions;

(j)    advising the Trustee concerning assumptions, assignments, and rejections of executory contracts and unexpired leases;

(k)    appearing before the Court and any appellate courts to represent the interests of the Trustee and/or the estate;

(l)    taking all necessary or appropriate actions as may be required in connection with the administration of the estate, including with respect to a chapter 11 plan and related disclosure statement; and

(m)    performing all other legal services in connection with this chapter 11 case as may be requested by the Trustee.

5.    I understand that the Trustee may, from time to time, request that Milbank undertake specific matters beyond the scope of the services described above.  Should Milbank agree, in its sole

3

discretion, to undertake any such specific matter(s), the Trustee requests authority to employ Milbank for such matter(s) without further order of this Court.

**DISCLOSURE OF MILBANK'S COMPENSATION BY THE TRUSTEE**

6.    In the one-year period prior to the Election Date, Milbank received no payments from the Trustee, nor did Milbank receive a retainer from the Trustee.

7.    Milbank intends to apply to the Court for allowance of compensation and reimbursement of out-of-pocket expenses incurred on and after the Election Date in connection with this chapter 11 case in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court, including the *Order on Debtor's Motion Establishing Interim Fee Application and Expense Reimbursement Procedures* [Docket No. 103].  Milbank recognizes that the U.S. Trustee is charged with reviewing all applications for compensation and that, in reviewing Milbank's fee applications, the U.S. Trustee will utilize the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases*, effective as of June 11, 2013 (the "U.S. Trustee Guidelines").

8.    If this Application is approved, Milbank will be compensated at the standard hourly rates charged in the United States, which are based on the applicable professional's level of experience.  At present, the standard hourly rates charged by Milbank are as follows:

| Billing Category | Range |
| --- | --- |
| Partners | $1,275 to $1,695 |
| Counsel | $1,235 to $1,450 |
| Associates | $495 to $1,105 |
| Legal Assistants | $255 to $405 |

9.    I have advised the Trustee that these hourly rates are subject to annual and customary firm-wide adjustments in the ordinary course of Milbank's business.  I have further advised the Trustee that Milbank's hourly rates and the corresponding rate structure proposed for this chapter 11 case is consistent with the rates that Milbank charges other comparable clients.

10.    Milbank will maintain detailed, contemporaneous records of time and of any necessary costs and expenses incurred in connection with rendering the legal services described

above.  It is Milbank's policy to charge its clients for all disbursements and expenses incurred in rendering its professional services.  These disbursements and expenses include, among other things, costs for telephone and facsimile charges, photocopying, travel, business meals, computerized research, messengers, couriers, postage, witness fees, and other fees related to trials and hearings.

11.    Milbank will endeavor to staff as efficiently as possible, only engaging professionals beyond a limited core team of attorneys for specific, discrete issues as warranted and in consultation with the Trustee.

12.    Other than as set forth above, there is no proposed arrangement between the Trustee and Milbank for compensation to be paid in this chapter 11 case.  Milbank has no agreement with any other entity to share any compensation received, nor will any be made, except as permitted under section 504(b)(1) of the Bankruptcy Code.

13.    The proposed employment of Milbank is not prohibited by or improper under Bankruptcy Rule 5002.  To the best of my knowledge, no attorney or employee at the firm is related to any United States Bankruptcy Judge or District Court Judge for the Central District of California or to the United States Trustee for such district or any employee in the office thereof.

## **MILBANK'S DISINTERESTEDNESS**

14.    Milbank does not represent and will not represent any entity, other than the Trustee, in matters related to this chapter 11 case.

15.    To the best of my knowledge and except as otherwise set forth herein, Milbank: (a) is not a creditor, an equity security holder, or an insider of the Debtor or the Trustee; (b) is not and was not, within two years before the Petition Date, a director, officer, or employee of the Debtor or Trustee; and (c) does not hold or represent any interest adverse to the interests of the Trustee or Debtor's estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, the Trustee, or for any other reason.  Accordingly, Milbank is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code.

16.     I have fully informed the Trustee of Milbank's ongoing representations of the parties described herein in matters unrelated to this chapter 11 case, and the Trustee has consented to Milbank's continued representation of such parties.

17.     In connection with its proposed retention by the Trustee in this chapter 11 case, Milbank searched its client database to determine whether it had any relationships with the entities listed on **Schedule 1** attached hereto, which, to the knowledge of Milbank, based upon information provided to Milbank by the Debtor or reflected in public filings made by in this chapter 11 case, may be parties in interest in this chapter 11 case.

18.     To the extent that such searches indicated that Milbank (or any of its partners or employees) has or had a relationship with any entity listed on **Schedule 1** within the last three (3) years, the identity of such entity, and Milbank's relationship with such entity, are set forth on **Schedule 2** attached hereto and incorporated and described herein.

19.     Only one entity was identified from **Schedule 1** in Milbank's search of its client database.  This entity is Lincoln Financial Group, one of the Debtor's contract counterparties.  For the current year, Lincoln Financial Group has accounted for more than 1% but less than 2% of Milbank's gross revenue thus far in connection to matters unrelated to this representation.  Lincoln Financial Group accounted for less than 1% of Milbank's gross revenue for the year ended December 31, 2020.

20.     I submit that none of the foregoing or in **Schedule 2** disqualifies Milbank from acting as the Trustee's counsel.

21.     Milbank also made a general inquiry to all partners and employees of the firm requesting disclosure of any relationship with (a) any Bankruptcy Judge or District Judge in the Central District of California, (b) anyone employed by the Office of the Clerk of the Bankruptcy Court for the Central District of California, or (c) any trustee, attorney, or staff employed by the office of the U.S. Trustee.  Additionally, Milbank requested disclosure by all partners and employees, to the best of their knowledge, of any claims held against either the Trustee or the Debtor.

22.    To the best of my knowledge, based on the foregoing inquiry, no attorney or employee at the firm is related to any United States Bankruptcy Judge or District Court Judge for the Central District of California or to the U.S. Trustee for such district or any employee in the office thereof.    Accordingly, I respectfully submit that the proposed employment of Milbank is not prohibited by, or improper under, Bankruptcy Rule 5002.

23.    The Debtor has numerous relationships and creditors.  Consequently, although every reasonable effort has been made to discover and eliminate the possibility of any connection or conflict, including the efforts outlined above, Milbank is unable to state with certainty which of its clients or such clients' affiliated entities hold claims or otherwise are parties in interest in this chapter 11 case.  If Milbank discovers any information that is contrary or pertinent to the statements made in this declaration, Milbank will promptly disclose such information to the Court on notice to the U.S. Trustee and such other parties in interest as may be required under noticing procedures applicable in this chapter 11 case.

### STATEMENT REGARDING U.S. TRUSTEE GUIDELINES

24.    The following information is provided in response to the request for additional information set forth in Paragraph D.1. of the U.S. Trustee Guidelines:

**Question**:    Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?

Response:    No.

**Question**:    Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?

Response:    No.

**Question**:    If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition.  If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.

Response:    Milbank did not represent the Trustee prior to the commencement of the Debtor's chapter 11 case.

**Question**:    Has your client approved your prospective budget and staffing plan,

7

and, if so for what budget period?

Response:    We have developed a staffing plan, under which a limited number of Milbank bankruptcy attorneys are involved in the case to maximize efficiency, and other Milbank attorneys are involved for discrete projects only with Trustee approval.  The Trustee and Milbank intend to develop a prospective budget in a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures.  Consistent with the U.S. Trustee Guidelines, the budget may be amended as necessary to reflect changed or unanticipated developments.

[*Remainder of Page Intentionally Left Blank*]

1    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and

2 correct to the best of my knowledge and belief.

3 Dated:  September 1, 2021

4                                              Respectfully submitted,

5

6                                              /s/ *Mark Shinderman*
                                               Name:  Mark Shinderman
7                                              Title:    Partner, Milbank  LLP

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **Schedule 1**

### **Potential Parties in Interest**

# POTENTIAL PARTIES IN INTEREST

## DEBTOR

KFIR GAVRIELI

## CHAPTER 11 TRUSTEE

ROBERT A. KORS

## COMMITTEE OF UNSECURED CREDITORS

ROMAN MARGOLIN, C/O KRKB
FAMILY TRUST
ADAM MILSTEIN

RONALD JOSE PAZ VARGAS
DICK BROUWER
EYAL BILGRAI

## LENDER

RJB PARTNERS, LLC

## CONTRACT PARTIES

DRIVE INSURANCE
LINCOLN FINANCIAL GROUP
MONTANA BWB LLC

NATIONAL GENERAL INSURANCE
COMPANY

## SECURED CREDITORS

CASA HERMOSA
JASON FUNG
RAVI SARIN
DEAN UNATIN

DIKLA GAVRIELI
DIKLA UNATIN
SONIA YU

## UNSECURED CREDITORS

EYAL BILGRAI
DICK BROUWER
HAVIV GAVRIELI
MIRA GAVRIELI
GOODBANK IRREVOCABLE TRUST
KRKB FAMILY TRUST
ALBERT LIU
ADAM MILSTEIN
DAN NIR
PONVALLY LLC
THE AUDREY E. NOWACEK IRREVOCABLE TRUST 2003
THE CARSON D. KRUIDENIER IRREVOCABLE TRUST 2009
THE GRAEME PERRY KRUIDENIER IRREVOCABLE TRUST 2011
THE MADILYN M. NOWACEK IRREVOCABLE TRUST 2000
THE O'REILLY 2010 CHILDREN'S TRUST FB AILEEN KRUDENIER
THE O'REILLY 2010 CHILDREN'S TRUST FBO HELEN NOWACEK
THE RAMS FOOTBALL COMPANY LLC

ASHWINI UPADHYAYA
RONALD PAZ VARGAS
HARRY ZIMMERMAN

## PRIORITY CREDITORS

FRANCHISE TAX BOARD
INTERNAL REVENUE SERVICE

## OTHER SEARCH PARTIES

10401 JEFFERSON LP
12414 EXPOSITION LP
4645 LIVE OAK, LLC
APOGEE PACIFIC, LLC
ASPIRATION PARTNERS, INC.
ASPIRATION, INC.
CHANGE THE CHANNEL LLC
CLEOPATRA RESOURCES, LLC
DMKG APARTMENTS, LLC
FAIRCLAIMS, INC.
FDSLF OPPORTUNITIES LLC
GAVRIELI, LLC

HALOGEN VENTURES LP
IVYCONNECT, INC.
MACON MB LLC
DANIEL MURILLO
DAN MURILLO
NANTERO, INC.
PERMIAN YIELD I LLC
JOE SANDBERG
JOSEPH SANDBERG
ASHWINI UPADHYAYA
WAVEHEALTH PARTNERS, LLC

## CENTRAL DISTRICT OF CALIFORNIA BANKRUPTCY JUDGES

HONORABLE ALAN M. AHART
HONORABLE THEODOR C. ALBERT
HONORABLE MARTIN R. BARASH
HONORABLE NEIL W. BASON
HONORABLE SHERI BLUEBOND
HONORABLE JULIA W. BRAND
HONORABLE SCOTT C. CLARKSON
HONORABLE THOMAS B. DONOVAN
HONORABLE MARK D. HOULE
HONORABLE WAYNE JOHNSON
HONORABLE VICTORIA S. KAUFMAN
HONORABLE SANDRA R. KLEIN

HONORABLE ROBERT N. KWAN
HONORABLE GERALDINE MUND
HONORABLE ERNEST M. ROBLES
HONORABLE BARRY RUSSELL
HONORABLE DEBORAH J. SALTZMAN
HONORABLE ERITHE A. SMITH
HONORABLE MAUREEN A. TIGHE
HONORABLE MARK S. WALLACE
HONORABLE SCOTT H. YUN
HONORABLE GREGG W. ZIVE
HONORABLE VINCENT P. ZURZOLO

## OFFICE OF THE U.S. TRUSTEE FOR REGION 16

PETER C. ANDERSON
JILL STURTEVANT
ERYK R. ESCOBAR
DARE LAW
NOREEN MADOYAN
RON MAROKO
KELLY MORRISON
HATTY YIP
PATTI BRUNDIGE
KAREN POLK
JASON RUSSELL
YOLANDA J. CANNON
MARLENE FOUCHE

HELEN CRUZ
SONNY FLORES
STEPHANIE J. HILL
MARIA A. RAMOS
ABRAM S. FEUERSTEIN
EVERETT L. GREEN
ALI MATIN
CAMERON RIDLEY
HERMAN AU
PHILIP GREEN
RHEA A. AQUINO
MARY AVALOS
CAROLYN K. HOWLAND

ADELA M. SALGADO
FRANK CADIGAN
NANCY GOLDENBERG
MICHAEL HAUSER
QUEENIE NG
TERRY B. NORRIS
MARILYN SORENSEN
KRISTINA HOWARD
MICHELE R. STEELE
JAIMEE ZAYICEK
TARI KING
HUGH POWELL
KENNETH MISKEN
KATHERINE C. BUNKER
RUSSELL CLEMENTSON
BRIAN FITTIPALDI
MARIA MARQUEZ
ALFRED COOPER
SANDRA CRUZ
JOYCE HONG
VERONICA HERNANDEZ

# PROFESSIONALS

A. LAVER TAYLOR LLP
FORCE TEN PARTNERS LLP
HOLLAND & HART
HUESTON & HENNINGAN LLP
STEPTOE & JOHNSON LLP
THEODORA ORINGHER PC
HOCHMAN SALKIN TOSCHER PEREZ PC
KROST CPAS
HOGAN LOVELLS US LLP
KGI ADVISORS, INC.
PERKINS COIE LLP
SARA L. CHENETZ
LATHAM & WATKINS LLP

## **<u>Schedule 2</u>**

### **Connections to Potential Parties in Interest**

| Party Name | Relationship to Milbank |
|---|---|
| Lincoln Financial Group | Current client on matters unrelated to the Debtor, the Trustee, or this chapter 11 case |

1    MARK SHINDERMAN (State Bar No. 136644)
     mshinderman@milbank.com
2    WILLIAM SCHUMACHER (State Bar No. 303862)
     wschumacher@milbank.com
3    MOHAMMAD TEHRANI (State Bar No. 294569)
     mtehrani@milbank.com
4    MILBANK LLP
     2029 Century Park East, 33rd Floor
5    Los Angeles, CA 90067
     Telephone:     (424) 386-4000
6    Facsimile:     (213) 629-5063

7    Proposed Attorneys for Robert Kors,
     the Chapter 11 Trustee

8

9                **UNITED STATES BANKRUPTCY COURT**

10        **CENTRAL DISTRICT OF CALIFORNIA—LOS ANGELES DIVISION**

11    In re:                           Case No. 2:21-bk-10826-BB

12    KFIR GAVRIELI,              Chapter 11

13

14             Debtor.             **DECLARATION OF ROBERT KORS IN SUPPORT OF CHAPTER 11 TRUSTEE'S APPLICATION TO RETAIN AND EMPLOY MILBANK LLP AS COUNSEL, EFFECTIVE AS OF JULY 13, 2021**

15

16

17

18                                  [No Hearing Required Unless Requested Pursuant to Local Bankruptcy Rule 2014-1]

19       I, Robert Kors, declare as follows, under penalty of perjury:

20        1.       I am the chapter 11 trustee for the above-captioned bankruptcy case. I submit this

21 declaration in support of the *Chapter 11 Trustee's Application to Retain and Employ Milbank LLP*

22 *as Counsel, Effective as of July 13, 2021*. Unless otherwise stated in this declaration, I have

23 knowledge of the facts set forth herein and, if called as a witness, I would testify thereto.

24                    **TRUSTEE'S SELECTION OF COUNSEL**

25        2.       I wish to retain Milbank LLP ("Milbank") to serve as my counsel. I recognize that a

26 comprehensive review process is necessary when selecting chapter 11 counsel to ensure that

27 bankruptcy professionals are subject to the same client-driven market forces, scrutiny, and

28 accountability as professionals in non-bankruptcy engagements.

3.      Once it became evident that I may be appointed the trustee in this chapter 11 case, I discussed with counsel for several stakeholders my views and their views as to potential trustee counsel who might be most effective in that role. I was informed by multiple stakeholders that Milbank, and in particular Mark Shinderman, would be particularly well-suited to assist me resolve the issues present in this chapter 11 case.  I believe that for this reason, as well as Milbank's extensive experience in reorganizations both out-of-court and under chapter 11 of the Bankruptcy Code, Milbank is both well-qualified and uniquely able to represent myself in an efficient and effective manner.  Further, I believe that the rates Milbank charges are comparable to other similarly prestigious and well-qualified firms with top-tier restructuring practices.  Thus, I decided to retain Milbank as my counsel during this chapter 11 case.

## **COST SUPERVISION**

4.      Milbank has informed me that its rates for bankruptcy representations are comparable to the rates Milbank charges for non-bankruptcy representations.  Furthermore, based on my experience working with other law firms, I believe that Milbank's rates are comparable to those of firms similar to Milbank.

5.      I recognize that in large chapter 11 cases such as this, it is possible that there may be unforeseen fees and expenses that will need to be addressed by myself and Milbank.  I also recognize that it is my responsibility to closely monitor the billing practices of Milbank and other professionals to ensure that fees and expenses paid by the estate remain consistent with my expectations, taking into account the exigencies and other circumstances of this chapter 11 case.  To that end, I will continue to review and monitor the regular fee statements and applications submitted by Milbank.

*[Remainder of Page Intentionally Left Blank]*

1

2          Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and

3

4    correct to the best of my knowledge and belief.

5

6    Dated:  September 1, 2021

7

8                                                Respectfully submitted,

9

10

11   /s/

12                                               Name:   Robert Kors

13                                               Title:    Chapter 11 Trustee

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

27

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **2029 Century Park E, 33rd Floor, Los Angeles, CA 90067**. A true and correct copy of the foregoing document entitled: *Chapter 11 Trustee's Application to Retain and Employ Milbank LLP as Counsel, Effective as of July 13, 2021* will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On September 1, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒    Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:  On September 1, 2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Kfir Gavrieli
1171 Montana Avenue #215
Los Angeles CA 90049

☐    Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on September 1, 2021, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

BY OVERNIGHT MAIL:
Honorable Sheri Bluebond
USBC - Central District of California
255 E. Temple Street
Suite 1534 / Courtroom 1539
Los Angeles, CA 90012

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 1, 2021 | Mohammad Tehrani | /s/ Mohammad Tehrani |
|---|---|---|
| Date | Printed Name | Signature |

1

## SERVICE LIST
(Via NEF)

2

| William H Brownstein | Brownsteinlaw.bill@gmail.com |
|---|---|
| Eryk R Escobar | eryk.r.escobar@usdoj.gov |
| Peter Gilhuly | peter.gilhuly@lw.com |
| Jordan A Kroop | jkroop@perkinscoie.com, rleibowitz@perkinscoie.com |
| William N Lobel | wlobel@tocounsel.com, jokeefe@tocounsel.com; sschuster@tocounsel.com |
| Kerri A Lyman | klyman@steptoe.com, #-FirmPSDocketing@Steptoe.com; nmorneault@Steptoe.com; mhernandez@steptoe.com; aodonnell@steptoe.com |
| Edward J McNeilly | edward.mcneilly@hoganlovells.com |
| Amy Quartarolo | amy.quartarolo@lw.com, laura.pumerville@lw.com; amy-quartarolo2972@ecf.pacerpro.com |
| Jeffrey M. Reisner | jreisner@steptoe.com, #-FirmPSDocketing@Steptoe.com; klyman@steptoe.com; nmorneault@Steptoe.com |
| Daniel S Schecter | daniel.schecter@lw.com |
| William Schumacher | wschumac@milbank.com, autodocketecf@milbank.com |
| Najah J Shariff | najah.shariff@usdoj.gov, USACAC.criminal@usdoj.gov |
| Mark Shinderman | mshinderman@milbank.com, dmuhrez@milbank.com;dlbatie@milbank.com |
| Mohammad Tehrani | mtehrani@milbank.com |
| United States Trustee (LA) | ustpregion16.la.ecf@usdoj.gov |
| Johnny White | JWhite@wrslawyers.com, aparisi@wrslawyers.com; eweiman@wrslawyers.com; chamilton@wrslawyers.com |
| Richard Lee Wynne | richard.wynne@hoganlovells.com; tracy.southwell@hoganlovells.com; cindy.mitchell@hoganlovells.com; rick-wynne-7245@ecf.pacerpro.com |

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28