Richard L. Wynne (Bar No. 120349)
richard.wynne@hoganlovells.com
Edward J. McNeilly (Bar No. 314588)
edward.mcneilly@hoganlovells.com
**HOGAN LOVELLS US LLP**
1999 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 785-4600
Facsimile: (310) 785-4601

*Attorneys for the Post-Effective Date Trustee*

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:21-bk-10826-BB |
| KFIR GAVRIELI, | Chapter 11 Case |
| Debtor. | **NOTICE OF MOTION AND MOTION TO MODIFY PLAN PURSUANT TO 11 U.S.C. § 1127(e); MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF RICHARD L. WYNNE IN SUPPORT THEREOF** |
| | Hearing Date:   August 7, 2024
Time:              10:00 a.m.
Place:             Courtroom 1539
                      255 East Temple Street
                      Los Angeles, CA 90012

Hon. Sheri Bluebond |

**TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY JUDGE, THE U.S. TRUSTEE, THE DEBTOR, AND ALL PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that J. Michael Issa, Post-Effective Date Trustee of the Post-Effective Date Trust of Kfir Gavrieli (the "PED Trustee"), hereby files this *Notice of Motion and Motion to Modify Plan Pursuant to 11 U.S.C. § 1127(e)* (the "Motion") seeking entry of an order modifying the *Chapter 11 Trustee's Second Amended Plan of Reorganization* [Docket No. 829] (the "Plan")[1] to delay payment of the first Semi-Annual Unsecured Amount to holders of Unsecured Judgment Claims and General Unsecured Claims until December 17, 2024 (the "Modification"), as more particularly set forth on Exhibit A hereto.

**PLEASE TAKE FURTHER NOTICE** that this Motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities and the Declaration of Richard L. Wynne (the "Wynne Declaration").

**PLEASE TAKE FURTHER NOTICE** that capitalized terms used but not defined in the Motion shall have the meanings ascribed to such terms in the Plan.

**PLEASE TAKE FURTHER NOTICE** that this Motion is made pursuant to section 1127(e) of title 11 of the United States Code §§ 101 et seq. (as amended, the "Bankruptcy Code") and Rule 3019(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**PLEASE TAKE FUTHER NOTICE** that any objection to the Motion and the Modification must be filed with the Court and served on the PED Trustee, Kfir Gavrieli (the "Debtor") and the United States Trustee no later than twenty-one (21) days from the date of service of the Motion, plus an additional three (3) days if you were served by mail, or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).

---

[1] The confirmed Plan was filed at Docket No. 819. The executed version of the Plan is Docket No. 829.

**PLEASE TAKE FURTHER NOTICE** that the failure to file and serve a timely objection to the Motion may be deemed by the Court to be consent to the relief requested herein.

Dated: July 1, 2024          HOGAN LOVELLS US LLP

By   /s/ *Richard L. Wynne*
        Richard L. Wynne (Bar No. 120349)
        richard.wynne@hoganlovells.com
        Edward J. McNeilly (Bar No. 314588)
        edward.mcneilly@hoganlovells.com
        1999 Avenue of the Stars, Suite 1400
        Los Angeles, California 90067
        Telephone: (310) 785-4600
        Facsimile: (310) 785-4601

        *Attorneys for the Post-Effective Date Trustee*

2

**TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES .................................................................. 1

I.      INTRODUCTION ........................................................................................ 1

II.     JURISDICTION AND VENUE ................................................................... 2

III.    FACTS ......................................................................................................... 3

        A.      Chapter 11 Case Background.................................................................. 3

        B.      Summary of the Plan.............................................................................. 4

        C.      Progress Towards Consummation of the Plan........................................ 6

        D.      Negotiations with the Unatins................................................................ 6

IV.     ARGUMENT ............................................................................................... 8

        A.      The PED Trustee Has Standing To File this Motion .............................. 8

        B.      The Modification Should Be Approved................................................... 9

        C.      The Modification Is Minor So No Additional Disclosure Should be
                Required.................................................................................................. 9

V.      NOTICE...................................................................................................... 11

VI.     CONCLUSION............................................................................................ 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Am. Solar King. Corp.*,
  90 B.R. 808 (Bankr. W.D. Tex. 1988)...................................................................................10

*Andrew v. Coopersmith (In re Downtown Inv. Club III)*,
  89 B.R. 59 (9th Cir. B.A.P. 1988)........................................................................................10

*Antioch Litig. Trust v. McDermott Will & Emery LLP*,
  500 B.R. 755 (S.D. Ohio 2013) ............................................................................................9

*In re Greater Se. Comty. Hosp. Corp.*,
  333 B.R. 506 (D.D.C. 2005) .................................................................................................9

*In re Intercare Health Systems, Inc.*,
  2013 WL 5979762 (Bankr. C.D. Cal. Nov. 12, 2013)........................................................10

*In re Lovey*,
  599 B.R. 97 (Bankr. D. Idaho 2019)......................................................................................9

**Statutes**

11 U.S.C. § 108(a) .....................................................................................................................8, 9

11 U.S.C. § 1123(a) .........................................................................................................................4

11 U.S.C. § 1125.............................................................................................................................9

11 U.S.C. § 1126.............................................................................................................................4

11 U.S.C. § 1127(c) ........................................................................................................................9

11 U.S.C. § 1127(e) ................................................................................................................2, 8, 9

11 U.S.C. § 1127(f)....................................................................................................................8, 9

28 U.S.C. §§ 157.............................................................................................................................2

28 U.S.C. § 157(b)(2)(B) ................................................................................................................2

28 U.S.C. § 1334.............................................................................................................................2

28 U.S.C. § 1408.............................................................................................................................2

28 U.S.C. § 1409.............................................................................................................................2

**Other Authorities**

Federal Rule of Bankruptcy Procedure 3019(b) ............................................................................2

H.R. Rep. No. 595, 95th Cong., 1st Sess. 411 .......................................................................10

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

The Debtor, the bankruptcy estate (first through the Chapter 11 Trustee and then through the PED Trustee) and Dikla and Dean Unatin have been embroiled in expensive, contentious and multifaceted litigation that has now lasted almost seven years (four years prepetition and three years postpetition). Currently this litigation includes two pending adversary proceedings in this Court and a state court appeal. Over the years there have been numerous failed settlement efforts. However, in the last several months, the Debtor and the Unatins have engaged in extensive settlement negotiations, and with the assistance of the PED Trustee and undersigned counsel, the parties are closer to settlement than they ever have been and are working on long-form drafts. While there are issues still to be resolved, there is a working framework for settlement that provides the best possibility for a negotiated resolution.

If the parties ultimately achieve a settlement, they intend to present a motion to this Court for approval and propose a plan modification, with an amendment to the Plan payment structure, that will, in the PED Trustee's view, be materially beneficial to the bankruptcy estate and general unsecured creditors. A settlement also would avoid years of additional protracted and very expensive litigation, and eliminate the risk of a material increase in the claims pool that would have the practical consequence of significantly expanding the duration of scheduled Plan payments. However, because the Unatins' lead counsel, Daniel Schecter, is about to begin a multi-week arbitration, and due to travel schedules later this summer, the parties have not yet been able to finalize an agreement.

Because the estate's tax obligations have now been paid in full, the Plan calls for payments to begin for unsecured creditors. The PED Trustee had intended to pay the first Semi-Annual Unsecured Amount to holders of General Unsecured Claims on June 17, 2024. However, due to

the potential for a global settlement with the Unatins and proposal of a broader plan modification to alter the payment schedule, the PED Trustee agreed to delay the first distribution to allow the parties to conclude a settlement, but the parties were unable to finish negotiations before Mr. Schecter had to leave Los Angeles for deposition in another matter and preparation for trial. Therefore, the PED Trustee now seeks to modify the Plan, as set forth on Exhibit A, to postpone payment of the first Semi-Annual Secured Amount by one payment cycle to December 17, 2024. The PED Trustee submits that the Court may approve the Modification without requiring further disclosure or balloting as a non-material modification because (1) it does not impact holders of Priority Tax Claims or Allowed Secured Claims, (2) it does not change the plan payoff date, (3) all unsecured claims will continue to bear interest and (4) the Unatins, whose judgment claims in the State Court Litigation constitute over 60% of the unsecured claims pool, support the Motion and the Modification. The Unatins, the Debtor and the estate have agreed to pause all litigation for several months to facilitate settlement discussions, and avoid expense to the estate and the Unatins, to allow for this process to conclude, with a final date to conclude a settlement targeted for September 2024. The Unatins have also informed the PED Trustee that they support the relief requested in this Motion.

II.        **JURISDICTION AND VENUE**

This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought in this Motion are Bankruptcy Code section 1127(e) and Bankruptcy Rule 3019(b).

//

//

//

2

### III.    FACTS[2]

#### A.    Chapter 11 Case Background

On February 1, 2021, the Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California, Los Angeles Division (the "Court"). The Debtor is a self-employed entrepreneur and, among other things, serves as the CEO of a company, Gavrieli Brands LLC (the "Company") that he co-founded and co-owns with his sister, Dikla Gavrieli Unatin ("Dikla"). Further information can be found in the *Declaration of Kfir Gavrieli In Support of First-Day Motions* [Docket No. 36].

The Debtor filed his chapter 11 case facing, among other liabilities, (i) a judgment of approximately $16.9 million (which was being appealed) obtained by Dikla and her husband, Dean Unatin ("Dean" and, together with Dikla, the "Unatins") in litigation in California state court the Company[3] and (ii) over $16 million (in tax, penalties and interest) owed in aggregate to the Internal Revenue Service (the "IRS") and the California Franchise Tax Board (the "FTB").

On March 10, 2021, the United States Trustee filed a notice regarding the appointment of the Official Committee of Unsecured Creditors (the "Committee") [Docket No. 116]. On or about July 27, 2021, the United States Trustee appointed Robert Kors as Chapter 11 Trustee (the "Chapter 11 Trustee") [Docket No. 402]. The Court approved the Chapter 11 Trustee's appointment on July 28, 2021 [Docket No. 404].

On March 17, 2022, the Chapter 11 Trustee filed the Disclosure Statement and the

---

[2] Given the Court's extensive familiarity with this case, the PED Trustee limits this discussion to the facts salient to this Motion. A more detailed factual recitation of the background and history to this chapter 11 case can be found in the *Amended Disclosure Statement for the Chapter 11 Trustee's Second Amended Plan of Reorganization* [Docket No. 690] (the "Disclosure Statement").

[3] This case is the case *Dikla Gavrieli a/k/a Dikla Gavrieli Unatin v. Kfir Gavrieli* (No. BC686856) in the Superior Court of California County of Los Angeles and any appeals thereof (the "State Court Litigation").

solicitation version of the *Chapter 11 Trustee's Second Amended Plan of Reorganization* [Docket No. 689]. On May 31, 2022, the Court entered an order [Docket No. 834] (the "Confirmation Order") confirming the Plan.[4] The Plan went effective on June 17, 2022 (the "Effective Date"), at which time the PED Trustee was appointed as the responsible party for the Debtor's bankruptcy estate [Docket No. 842].

### B.   Summary of the Plan

Section 3.2 of the Plan designated the following Classes of Claims against the Debtor and specified which Classes were: (a) Impaired or Unimpaired; (b) entitled to vote to accept or reject the Plan in accordance with section 1126 of the Bankruptcy Code; and (c) deemed to accept the Plan:

| Class | Description | Impairment | Entitled to Vote |
|---|---|---|---|
| 1 | Priority Non-Tax Claims | Unimpaired | No (deemed to accept) |
| 2A | Secured Claim of Jason Fung | Impaired | Yes |
| 2B | Secured Claim of Ravi Sarin | Impaired | Yes |
| 2C | Secured Claim of Sonia Yu | Impaired | Yes |
| 2D | Secured Judgment Claim of Dikla Unatin | Unimpaired | No |
| 2E | Secured Judgment Claim of Dean Unatin | Unimpaired | No |
| 2F | Secured Claim of Casa Hermosa, LLC | Impaired | Yes |
| 2G | Other Secured Claims | Impaired | Yes |
| 3A | Unsecured Judgment Claims of the Unatins | Impaired | Yes |
| 3B | General Unsecured Claims | Impaired | Yes |

Plan, Section 3.2. In accordance with section 1123(a) of the Bankruptcy Code, the Plan separately

---

[4] The "Plan" (as defined herein) is the executed version of the Plan filed at Docket No. 829, which included certain post-confirmation non-material modifications to the version of the plan [Docket No. 819] that was confirmed. The plan version filed at Docket No. 819 itself included certain post-solicitation non-material modifications.

4

treated the Priority Tax Claims of the IRS and the FTB as an unclassified claim. *See* Plan, Section 2.3. With the exception of the Unatins (Class 3A), all other impaired classes voted to accept the Plan with no votes in those classes cast against the Plan. *See* Declaration of Mohammad Tehrani Regarding the Solicitation of Votes and Tabulation of Ballots Cast on the Chapter 11 Trustee's Second Amended Plan of Reorganization [Docket No. 808], Ex. A.

At a high level, the Plan provides for the following:

- The Priority Tax Claims of the IRS and the FTB to be repaid in quarterly instalments starting on the 90th day after the Effective Date (i.e., September 15, 2022), with all Priority Tax Claims to be paid on or before the eighth Quarterly Priority Tax Distribution Date (i.e., by June 2024). Plan, Section 2.3.

- Secured Claims in Classes 2A through 2G to receive cash in ten equal semi-annual payments of principal and interest on each Semi-Annual Distribution Date (i.e., September 15, 2022 and every six months thereafter).[5] Plan, Section 4.2.

- Allowed Unsecured  Claims (Classes 3A and 3B), when and if allowed, to receive, beginning on the fourth Semi-Annual Distribution Date (i.e., March 2024) and every six months thereafter, their pro rata share of the Semi-Annual Unsecured Amount (first payment of approximately $3 million, with subsequent payments of approximately $4.9 million), in cash payments of principal and interest. Plan, Section 4.3.

The Unatins and the estate are engaged in the following ongoing litigation: (i) the appeal of the State Court Litigation, (ii) the adversary proceeding filed by the Unatins captioned *Dikla Gavrieli a/k/a Dikla Gavrieli Unatin, individually and derivatively on behalf of Gavrieli Brands, LLC d/b/a*

---

[5] There were no claims in Class 2G. The Plan provides that, with respect to Classes 2E and 2F, "To the extent that any portion of the Judgment Claim held by [Dikla or Dean] is not a Secured Claim, the Judgment Claim held by [Dikla or Dean] shall be treated as a Class 3A Unsecured Judgment Claim." Plan, Sections 4.2.4 and 4.2.5

5

*Tieks by Gavrieli, and Dean K. Unatin v. Kfir Gavrieli and Gavrieli Brands, LLC d/b/a Tieks By Gavrieli*, adversary proceeding number 2:21-ap-01034-BB, and (iii) the equitable subordination litigation filed by the Committee (to which the PED Trustee was substituted as plaintiff) seeking to equitably subordinate the Unatins' claims under Bankruptcy Code section 510(c), adversary proceeding number 2:22-ap-01042-BB.

### C. Progress Towards Consummation of the Plan

As reflected in the status reports filed by the PED Trustee with the Court, the PED Trustee believes that the allowed priority claims of $15,554,693, which were estimated in the Disclosure Statement to require total Plan payments of $16,454,982, have been fully satisfied. The PED Trustee is actively engaging with the taxing authorities to confirm the payoff status. *See* Fourth Post-Confirmation Status Report [Docket No. 940] ¶ 15. Moreover, all required payments on account of Allowed Secured Claims have been made. *Id*. ¶ 14.

As noted above, section 2.3(d) of the Plan requires Allowed Priority Tax Claims to be paid off by the eighth Quarterly Priority Tax Distribution Date (i.e., June 17, 2024). Pending confirmation of the full payment status of payment of Allowed Priority Tax Claims from the taxing authorities, the PED Trustee determined to wait to begin to make scheduled payments to general unsecured creditors on June 17, 2024. However, for the reasons set forth below, the PED Trustee has not yet made those payments.

### D. Negotiations with the Unatins

The Debtor and the Unatins, with the involvement of the Chapter 11 Trustee, the Committee, and now the PED Trustee have engaged in multiple rounds of settlement discussions and negotiations throughout the pendency of the chapter 11 case and since confirmation of the Plan. While those negotiations had, until recently, been unsuccessful, beginning in May 2024, the parties have engaged in a series of in-person and zoom or telephonic meetings, which culminated

6

in a global settlement proposal by the PED Trustee. When the Unatins and the Debtor reached an impasse in the negotiations, Mr. Wynne prepared and circulated a mediator's style-proposal as a global compromise to be sponsored by the PED Trustee, but which required approval of the Unatins and the Debtor. Wynne Declaration ¶ 4.

Based upon Mr. Wynne's proposed framework, the PED Trustee's litigation counsel, Hueston Hennigan, prepared a fully documented global settlement agreement. Following delivery of the global settlement proposal, the parties have had multiple further negotiations concerning the specific provisions of the settlement. *Id*. ¶ 5.

While certain material points remain to be resolved, there is reason for optimism that can be accomplished in the next few months. The PED Trustee intends to seek Court approval both of the global settlement and a Plan modification, which would affect the structure and timing of payments to the Unatins and the timing of payments to general unsecured creditors, including the possibility of acceleration of such payments. Wynne Declaration ¶ 6.

However, the Unatins' lead counsel, Daniel Schecter, is about to begin a multi-week arbitration, and due to travel schedules later this summer, the parties were unable to complete negotiations before Mr. Schecter had to leave Los Angeles for deposition and trial preparation. Thus, the global settlement, assuming it can be achieved, will not be completed until that other arbitration is over. Wynne Declaration ¶ 7. Thus, the PED Trustee now seeks to modify the Plan to delay payment of the first Semi-Annual Unsecured Amount until December 17, 2024, pending resolution of the global settlement negotiations. The Unatins, the Debtors and the estate have agreed to pause all pending litigation between them for several months, and thus expense to the estate and the Unatins, to allow for this process to conclude, with a settlement anticipated by September 2024. *Id*. ¶ 8.

If the parties can conclude and document a global settlement prior to December 17, 2024, the PED Trustee will seek approval of the global settlement and will file an appropriate plan modification to reflect this settlement. If the parties do not achieve a global settlement prior to that date, the PED Trustee intends to pay the first Semi-Annual Unsecured Amount on December 17, 2024, and thereafter to pay all remaining Semi-Annual Unsecured Amounts in accordance with the existing payment structure set forth in the Plan. Wynne Declaration ¶ 9.

## IV.    **ARGUMENT**

Bankruptcy Code section 1127(e) permits modification of a chapter 11 plan in an individual chapter 11 case "any time after confirmation of the plan but before the completion of payments under the plan, whether or not the plan has been substantially consummated, upon request of the debtor, the trustee, the United States trustee, or the holder of an allowed unsecured claim" for one of three reasons: "(1) increase or reduce the amount of payments on claims of a particular class provided for by the plan; (2) extend or reduce the time period for such payments; or (3) alter the amount of the distribution to a creditor whose claim is provided for by the plan to the extent necessary to take account of any payment of such claim made other than under the plan." 11 U.S.C. § 1127(e). Sections 1121 through 1128 and the requirements of Section 1129 apply to any modification under section 1127(e). 11 U.S.C. § 1127(f)(1). In addition, "the plan, as modified, shall become the plan only after there has been disclosure under section 1125 as the court may direct, notice and a hearing, and such modification is approved." 11 U.S.C. § 1127(f)(2).

### A.    **The PED Trustee Has Standing To File this Motion**

Section 1127(e) permits a debtor, the trustee, the United States trustee or an unsecured creditor to propose a plan modification. While the PED Trustee has not identified any cases interpreting the meaning of "trustee" in the context of section 1127(e), by way of analogy, most

8

courts interpreting Bankruptcy Code section 108(a), which tolls certain statutes of limitation for the "trustee," have held that a liquidating trustee can invoke section 108(a) even if not literally a "trustee." *See In re Greater Se. Comty. Hosp. Corp.*, 333 B.R. 506, 535 (D.D.C. 2005) (holding that section 108(a) applies to toll the statute of limitations for claims assigned to a litigation trust); *Antioch Litig. Trust v. McDermott Will & Emery LLP*, 500 B.R. 755, 764 (S.D. Ohio 2013) (same).

Here, the PED Trustee has stepped into the shoes of the Chapter 11 Trustee. *See* Plan Section 5.2 ("The Post-Effective Date Trust shall act as the representative of the Estate for all purposes."). Therefore, the PED Trustee should be treated as a "trustee" for purposes of section 1127(e). In any case, the Debtor, who indisputably has standing to propose a plan modification, fully supports the plan modification, as do the Unatins as unsecured creditors.

### B.    The Modification Should Be Approved

One of the three permitted reasons for post-confirmation modification of an individual debtor's chapter 11 plan is to "(2) extend or reduce the time period for such payments [to a particular class]." 11 U.S.C. § 1127(e)(2). This is satisfied here because the modification proposes to change the payment date for the first semi-annual payment to unsecured creditors from June 17, 2024 to December 17, 2024.

### C.    The Modification Is Minor So No Additional Disclosure Should be Required

"Sections 1121 through 1128 and the requirements of section 1129 apply to any modification under subsection (e)." 11 U.S.C. § 1127(f)(1); *In re Lovey*, 599 B.R. 97, 102 (Bankr. D. Idaho 2019). These sections require, among other things, that disclosure and balloting occur before plan modification is approved. 11 U.S.C. § 1125, 1127(e), 1127(f)(1); *In re Lovey*, 599 at 102. Under § 1127(f), an individual debtor's modified plan "shall become the plan only after there has been disclosure under section 1125 ... notice and hearing, and such modification is approved." 11 U.S.C. § 1127(f)(2).

9

However, plan modifications do not require new disclosure statements and court approval where the modifications are not material. In discussing the analogous section 1127(c), which provides that the proponent of a modified plan must comply with section 1125, which requires disclosure and balloting, the House Report stated: "Of course, if the modification were sufficiently minor, the court might determine that additional disclosure was not required under the circumstances." H.R. Rep. No. 595, 95th Cong., 1st Sess. 411; *see also Andrew v. Coopersmith (In re Downtown Inv. Club III)*, 89 B.R. 59, 65 (9th Cir. B.A.P. 1988) ("Material plan modifications require a formal disclosure statement and court approval."); *In re Intercare Health Systems, Inc.*, 2013 WL 5979762, at \*5 (Bankr. C.D. Cal. Nov. 12, 2013) ("Plan modifications do not require a new disclosure statement and court approval unless the modifications are material" (holding that the modification of payment terms was not material because a creditor or interest holder who accepted the plan, if it knew of the modification, would not be likely to reconsider its acceptance of the plan)); *In re Am. Solar King. Corp.*, 90 B.R. 808, 824 (Bankr. W.D. Tex. 1988) (holding that "A modification is material if it so affects a creditor or interest holder who accepted the plan that such entity, if it knew of the modification, would be likely to reconsider its acceptance").

Here the modifications are not material for the following reasons. First, they do not impact Holders of Priority Tax Claims (who have been paid in full) or Holders of Allowed Secured Claims (who are being paid timely under the Plan). Second, they do not impact the final plan payoff date and remaining payoff schedule for Judgment Claims and General Unsecured Claims. While the first Semi-Annual Secured Amount will now be paid on December 17, 2024 (assuming no global settlement), all remaining payments will be on the previously scheduled Semi-Annual Distribution Dates. Sections 4.3.1 and 4.3.2 of the Plan expressly require all unpaid amounts owed with respect to Unsecured Judgment Claims and General Unsecured Claims to be paid in full on the tenth Semi-

10

Annual Distribution Date (i.e., March 2027) if payment of the scheduled Semi-Annual Secured Amounts is insufficient to repay such claims in full on that date. Third, Unsecured Judgment Claims and General Unsecured Claims bear interest under the Plan. *See* Plan, Sections 4.3.1 and 4.3.2. Fourth, the Unatins, who represent over 60% of the unsecured claims pool, support the relief sought in this Motion and the Modification.[6] Should a settlement with the Unatins not ultimately be achieved, there will thus be no negative impact on general unsecured creditors.

## V.    NOTICE

Notice of this Motion has been provided to the Debtor, the U.S. Trustee and each of the Debtor's creditors.

## VI.    CONCLUSION

For the foregoing reasons, the PED Trustee respectfully requests that the Court (i) grants its Motion to modify the Plan as set forth on Exhibit A, (ii) order that no further disclosure to, or balloting of, creditors is required, and (iii) grant such other relief as is just and proper.

Dated: July 1, 2024                          HOGAN LOVELLS US LLP

By    /s/ *Richard L. Wynne*
Richard L. Wynne (Bar No. 120349)
richard.wynne@hoganlovells.com
Edward J. McNeilly (Bar No. 314588)
edward.mcneilly@hoganlovells.com
1999 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 785-4600
Facsimile: (310) 785-4601

*Attorneys for the Post-Effective Date Trustee*

---

[6] See FN1 above.

11

**Exhibit A**

**Proposed Modification to Chapter 11 Plan- MODIFY TO CONFORM.**

The proponent of this proposed Plan Modification is J. Michael Issa, the Post-Effective Date Trustee. The Post-Effective Date Trustee proposes the following modifications to Sections 1.1 and 4.3 of the Plan, with additions shown in bold blue underlined text.

Proposed Modification to Section 1.1

Add a new definition as Section 1.1.64A.

**64.A    *Postponed Distribution Date* means December 17, 2024.**

Proposed Modification to Section 4.3

**4.3    *Unsecured Claims***

Classes 3A to 3B consists of all Unsecured Claims.

**4.3.1 – Unsecured Judgment Claims (Class 3A)**

(a)    Classification. Class 3A consists of all Unsecured Judgment Claims.

(b)    Treatment. Subject to Article 4.7, except to the extent that a Holder of an Allowed Unsecured Judgment Claim agrees to less favorable treatment, each Holder of an Allowed Unsecured Judgment Claim shall receive, in full and complete settlement, release, and discharge of, and in exchange for such Allowed Unsecured Judgment Claim, its Unsecured Pro Rata Share of the Semi-Annual Unsecured Amount, if any **(i) with respect to the first Semi-Annual Unsecured Amount, on the Postponed Distribution Date and (ii) with respect to each subsequent Semi-Annual Unsecured Amount**, on each Semi-Annual Distribution Date after the **Postponed Distribution Date**, in Cash payments of principal and interest, computed on the amount of the value of the Allowed Unsecured Judgment Claim plus Interest at the Applicable Interest Rate from the Petition Date until such Holder receives the full value of the Allowed

2

Unsecured Judgment Claim plus Interest at the Applicable Interest Rate. If an Allowed Unsecured Judgment Claim is not paid in full after application of the Unsecured Pro Rata Share of the Semi-Annual Unsecured Amount distributable on the tenth Semi-Annual Distribution Date, an additional distribution shall be made on the tenth Semi-Annual Distribution Date in an amount equal to the remaining amount owed on account of the Allowed Unsecured Judgment Claim.

(c)    Impairment and Voting. Class 3A is Impaired. Holders of Unsecured Judgment Claims in Class 3A are entitled to vote to accept or reject the Plan.

**4.3.2 – General Unsecured Claims (Class 3B).**

(a)    Classification. Class 3B consists of all General Unsecured Claims.

(b)    Treatment. Subject to Article 4.7, except to the extent that a Holder of an Allowed General Unsecured Claim agrees to less favorable treatment, each Holder of an Allowed General Unsecured Claim shall receive, in full and complete settlement, release, and discharge of, and in exchange for such Allowed General Unsecured Claim, its Unsecured Pro Rata Share of the Semi-Annual Unsecured Amount, if any, **(i) with respect to the first Semi-Annual Unsecured Amount, on the Postponed Distribution Date and (ii) with respect to each subsequent Semi-Annual Unsecured Amount**, on each Semi-Annual Distribution Date after the **Postponed Distribution Date**, in Cash payments of principal and interest, computed on the amount of the value of the Allowed General Unsecured Claim plus Interest at the Applicable Interest Rate from the Petition Date until such Holder receives the full value of the Allowed General Unsecured Claim plus Interest at the Applicable Interest Rate. If an Allowed General Unsecured Claim is not paid in full after application of the Unsecured Pro Rata Share of the Semi-Annual Unsecured Amount distributable on the tenth Semi-Annual Distribution Date, an additional distribution shall be made on the tenth Semi-Annual Distribution Date in an amount equal to the remaining amount owed on account of the Allowed General Unsecured Claim.

3

(c)      <u>Impairment and Voting</u>. Class 3B is Impaired. The Holders of General Unsecured Claims in Class 3B are entitled to vote to accept or reject the Plan.

4

**Exhibit B**

**Declaration of Richard L. Wynne[7]**

I, Richard L. Wynne declare as follows:

1.      I am over the age of eighteen years.

2.      I am a partner in Hogan Lovells US LLP (the "Firm"). The Firm was retained postpetition by the Official Committee of Unsecured Creditors. After confirmation of the Plan, the Firm was retained to represent J. Michael Issa, the Post-Effective Date Trustee (in such capacity, the "PED Trustee"). I make this declaration (this "Declaration") in support of the PED Trustee's Notice of Motion and Motion to Modify Plan Pursuant to 11 U.S.C. § 1127(e).

3.      I have personal knowledge of the facts set forth in this Declaration and, if called, as a witness, could and would testify competently to such facts under oath.

4.      The Debtor and the Unatins with the involvement of the Chapter 11 Trustee, the Committee, and now the PED Trustee have engaged in multiple rounds of settlement discussions and negotiations throughout the pendency of the chapter 11 case and since confirmation of the Plan. I have been personally involved in most of those negotiations, on behalf first of the Committee and now the PED Trustee. While those negotiations had, until recently, been unsuccessful, beginning in May 2024, the parties have engaged in a series of in-person, zoom and telephonic meetings, which culminated in a global settlement proposal by the PED Trustee. When the Unatins and the Debtor reached an impasse in the negotiations, I prepared and circulated a mediator's style-proposal as a global compromise to be sponsored by the PED Trustee, but which required approval of the Unatins and the Debtor.

5.      Based upon the framework and my discussions with counsel for the Debtor and the

---

[7] Capitalized terms used but not defined in this Declaration shall have the meanings ascribed to such terms in the *Notice of Motion and Motion to Modify Plan Pursuant to 11 U.S.C. § 1127(e)*.

5

Unatins, the PED Trustee's litigation counsel, Hueston Hennigan, prepared a fully documented global settlement agreement. Following delivery of the global settlement proposal, the parties have had multiple further negotiations concerning the specific provisions of the settlement.

6.      While  certain material points remain to be resolved, there is reason for optimism that can be accomplished in the next few months. If those points can be resolved, it will be necessary to seek Court approval both of the global settlement and a Plan modification, which would affect the structure and timing of payments to the Unatins and the timing of payments to general unsecured creditors, including the possibility of acceleration of such payments.

7.      However, the Unatins' lead counsel, Daniel Schecter, is about to begin a multi-week arbitration, and the parties were unable to complete negotiations of certain material points before Mr. Schecter had to leave Los Angeles for deposition and focus on trial preparation. Thus, the global settlement, assuming it can be achieved, will not be completed until that arbitration is over.

8.      Thus, the PED Trustee now seeks to modify the Plan to delay payment of the first Semi-Annual Unsecured Amount by five months until December 17, 2024, pending resolution of the global settlement negotiations. The Unatins the Debtors and the estate have agreed to pause all litigation, and thus expense to the estate and the Unatins, to allow for this process to conclude, with a settlement anticipated by September 2024.

9.      If the parties achieve a global settlement prior to December 17, 2024, the PED Trustee will seek approval of the global settlement and will file an appropriate plan modification, including revised payment schedule, to reflect this settlement. If the parties do not achieve a global settlement prior to that date, the PED Trustee intends to pay the first Semi-Annual Unsecured Amount on December 17 2024, and thereafter to pay all remaining Semi-Annual Unsecured Amounts in accordance with the existing payment structure set forth in the Plan.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 1st day of July, 2024 in Sunningdale, England


/s/ *Richard L. Wynne*
Richard L. Wynne

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

1999 Avenue of the Stars, Suite 1400, Los Angeles, California 90067

A True and correct copy of the foregoing document(s) entitled (*specify*):

**NOTICE OF MOTION AND MOTION TO MODIFY PLAN PURSUANT TO 11 U.S.C. § 1127(e); MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF RICHARD L. WYNNE IN SUPPORT THEREOF**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **July 1, 2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

⊠  Service information continued on attached page

**2**. <u>**SERVED BY UNITED STATES MAIL**</u>:
On (*date*) **July 1, 2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

⊠  Service information continued on attached page

**3**.  <u>**SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**</u>
<u>(state method for each person or entity served)</u>:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **July 1, 2024**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

⊠  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 1, 2024  Tracy Southwell | /s/ Tracy Southwell |
|---|---|
| *Date*              *Printed Name* | *Signature* |

**In re Kfir Gavrieli**
**Case No: 2:21-bk-10826-BB**

*SERVED VIA NEF*

William H Brownstein on behalf of Interested Party William Harold Brownstein
Brownsteinlaw.bill@gmail.com

Amir Gamliel on behalf of Attorney Perkins Coie LLP
amir-gamliel-9554@ecf.pacerpro.com, cmallahi@perkinscoie.com;DocketLA@perkinscoie.com

Peter Gilhuly on behalf of Creditor Dean Unatin, Dikla Gavrieli,
peter.gilhuly@lw.com, peter-gilhuly-1776@ecf.pacerpro.com

Gregory K Jones on behalf of Defendant Gavrieli Brands LLC
gjones@stradlinglaw.com, smjohnson@sycr.com;smjohnson@stradlinglaw.com

Tobias S Keller on behalf of Creditor Dikla Gavrieli
tkeller@kellerbenvenutti.com

Robert Allan Kors (TR)
robertkorstrustee@gmail.com

Jordan A Kroop on behalf of Trustee Sara L. Chenetz
jkroop@pszjlaw.com, rleibowitz@perkinscoie.com

Allison L Libeu on behalf of Interested Party J. Michael Issa, The Post Effective Date Trustee
alibeu@hueston.com, sjones@hueston.com

William N Lobel on behalf of Debtor Kfir Gavrieli, Special Counsel Theodora Oringher PC
wlobel@tocounsel.com, mmason@tocounsel.com

Kerri A Lyman on behalf of Debtor Kfir Gavrieli
klyman@steptoe.com, #-
FirmPSDocketing@Steptoe.com;nmorneault@Steptoe.com;mhernandez@steptoe.com;aodonnell
@steptoe.com

Edward J McNeilly on behalf of Creditor Committee Official Creditors Committee of Kfir
Gavrieli
edward.mcneilly@hoganlovells.com, tracy.southwell@hoganlovells.com

Edward J McNeilly on behalf of Plaintiff Official Committee of Unsecured Creditors of Kfir
Gavrieli
edward.mcneilly@hoganlovells.com, tracy.southwell@hoganlovells.com

Amy Quartarolo on behalf of Creditor Dean Unatin, Dikla Gavrieli
amy.quartarolo@lw.com, laura.pumerville@lw.com;amy-quartarolo-2972@ecf.pacerpro.com

Jeffrey M. Reisner on behalf of Attorney Steptoe & Johnson LLP, Kfir Gavrieli,
jreisner@steptoe.com, #-
FirmPSDocketing@Steptoe.com;klyman@steptoe.com;nmorneault@Steptoe.com

Jeffrey M. Reisner on behalf of Special Counsel Theodora Oringher PC
jreisner@steptoe.com, #-
FirmPSDocketing@Steptoe.com;klyman@steptoe.com;nmorneault@Steptoe.com

Daniel S Schecter on behalf of Creditor Dean Unatin, Dikla Unatin
daniel.schecter@lw.com

William Schumacher on behalf of Interested Party Robert Kors
wschumacher@winthrop.com, autodocketecf@milbank.com

William Schumacher on behalf of Trustee Robert Allan Kors (TR)
wschumacher@winthrop.com, autodocketecf@milbank.com

Najah J Shariff on behalf of Interested Party Courtesy NEF
najah.shariff@usdoj.gov, USACAC.criminal@usdoj.gov

David Samuel Shevitz on behalf of U.S. Trustee United States Trustee (LA)
David.S.Shevitz@usdoj.gov

Mark Shinderman on behalf of Attorney Milbank LLP
mshinderman@milbank.com, dmuhrez@milbank.com;dlbatie@milbank.com

Dara L Silveira on behalf of Creditor Dean Unatin, Dikla Unatin
dsilveira@kbkllp.com, cmitsuoka@kbkllp.com

Mohammad Tehrani on behalf of Trustee Robert Allan Kors (TR)
mtehrani@milbank.com,
aromain@milbank.com;bnicholson@milbank.com;cbrennand@milbank.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Johnny White on behalf of Interested Party Courtesy NEF
JWhite@wrslawyers.com, jlee@wrslawyers.com

Richard Lee Wynne on behalf of Interested Party J. Michael Issa, The Post Effective Date
Trustee
richard.wynne@hoganlovells.com,
tracy.southwell@hoganlovells.com;cindy.mitchell@hoganlovells.com;rick-wynne-
7245@ecf.pacerpro.com

**SERVED VIA U.S. MAIL**

A. Lavar Taylor LLP
3 Hutton Centre Dr., Ste. 500
Santa Ana, CA 92702-8711

Adam Milstein
16027 Ventura Blvd
Suite 500
Encino, CA 91436

Amica Mutual
Insurance Company
PO Box 9128 Providence, RI 02940-9128

Eyal Bilgrai
771 18th Avenue
Menlo Park, CA 94025

William H Brownstein & Assocs. PC
11740 Wilshire Blvd., Suite A2301
Los Angeles, CA 90025-6531

Dick Brouwer
45 Willow Rd
Menlo Park, CA 94025

Casa Hermosa
2980 Beverly Glen Circle
Suite 3000
Bel Air, CA 90077

Crowe LLP
15233 Ventura Blvd., Ninth Floor
Sherman Oaks, CA 91403-2201

Department of Treasury
PO Box 7346
Philadelphia, PA 19101-7346

Drive Insurance
Sima Frida Barnoy
PO Box 5035
West Hills, CA 91308

Franchise Tax Board
Personal Bankruptcy MS A340
PO Box 2952
Sacramento, CA 95812

Jason Fung
Flat 15/C Tower 2 Park Towers
1 King's Rd North Point
Hong Kong, China

GAM Investments LLC
c/o Roman Margolin
M3G Capital LLC
100 De Sabla Rd.
Hillsborough, CA 94010-6804

Kfir Gavrieli
11771 Montana Ave., No. 215
Los Angeles, CA 90049

Haviv Gavrieli
11733 Sherman Way
North Hollywood, CA 91605

Mira Gavrieli
10829 Winnetka Avenue
Chatsworth, CA 91311

Goodbank Irrevocable Trust
6732 Lopez Canyon Way
San Diego, CA 92126

Hochman Salkin Toscher Perez PC
9150 Wilshire Blvd Suite 300
Beverly Hills, CA 90212

Horvitz and Levy LLP
3601 W Olive Ave 8th Floor
Burbank, CA 91505

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101

KRKB Family Trust
100 De Sabla Road
Hillsborough, CA 94010

Latham & Watkins LLP
Attn Daniel Schecter
10250 Constellation Blvd 1100
Los Angeles, CA 90067

Lincoln Financial Group
PO Box 21008
Greensboro, NC 27420

Albert Liu
1688 Pine Street
W402
San Francisco, CA 94109

Metro Art Brentwood
11771 Montana Avenue
Los Angeles CA 90049

Miller Barondess LLP
2121 Avenue of the Stars, 26th Floor
Los Angeles, CA 90067

Montana BWB LLC
11771 Montana Ave, No. 215
Los Angeles, CA 90049

National General Insurance Company
3800 Concours St No 200
Ontario, CA 91764

Dan Nir
co Suzanne Aiello RVC Family Advisors
265 Sunrise Highway, Suite 1-307
Rockville Centre, NY 11570

Ponvalley LLC
1732 Aviation Blvd
No 211
Rendondo Beach, CA 90278

RJB Partners LLC
c/o Ryan Hong
Michelman Robinson LLP
10880 Wilshire Blvd, Fl. 19
Los Angeles, 90024

Joe Sanberg
c/o Ryan Hong
Michelman Robinson LLP
10880 Wilshire Blvd, Fl. 19
Los Angeles, 90024

Ravi Sarin
10216 Cielo Drive
Beverly Hills, CA 90210

Steptoe & Johnson
Attn: Jeffrey M. Reisner,
Kerri A. Lyman
633 W. Fifth Street
Suite 1900
Los Angeles, CA 90071

The Audrey E. Nowacek
Irrevocable Trust 2003
2101 East Coast Highway No 250
Corona Del Mar, CA 92625

The Carson D. Kruidenier
Irrevocable Trust 2009
2101 East Coast Highway No 250
Corona Del Mar, CA 92625

The Graeme Perry Kruidenier
Irrevocable Trust 2011
2101 East Coast Highway No 250
Corona Del Mar, CA 92625

The O'Reilly 2010 Children's Trust
FBO Helen Nowacek
2101 East Coast Highway No 250
Corona Del Mar, CA 92625

The Madilyn M Nowacek
Irrevocable Trust
2101 East Coast Highway No 250
Corona Del Mar, CA 92625

The O'Reilly 2010 Children's Trust
FBO Aileen Kruidenier
2101 East Coast Highway No 250
Corona Del Mar, CA 92625

The Rams Football Company LLC
2101 East Coast Highway No 250
Corona Del Mar, CA 92625

Theodora Oringher PC
William N Lobel
535 Anton Blvd 9th Flr.
Costa Mesa, CA92626-7109

U.S. Attorney's Office
Attn: Najah J. Shariff
300 N. Los Angeles St., Suite 1900
Los Angeles, CA 90012

Dikla Unatin
7405 W 80th Street
Los Angeles, CA 90045

Dean Unatin
7405 W 80th Street
Los Angeles, CA 90045

Ashwini Upadhyaya
171 E 84th St Apt 16G
New York, NY 10028

Ronald Paz Vargas
Av Presidente Juscelino
Kubitschek 1545 No 203
Itaim Bibi, Sao Paulo 04543-011

Sonia Yu
3 Kennedy Rd
The Royal Court Apt 7B
Central, Hong Kong

Harry Zimmerman
310 Comstock Avenue
Los Angeles, CA 90024

Office of the United States Trustee
Attn: David Samuel Shevitz
915 Wilshire Blvd., Suite 1850
Los Angeles, CA 90017

Kenneth G Lau
Office of the United States Trustee
125 Ottawa Avenue NW
Suite 200R
Grand Rapids, MI 49503

*SERVED VIA EMAIL*

| NAME | EMAIL |
| --- | --- |
| Dan Nir | nir@sargcap.com |
| Ronald Paz Vargas | ronaldpaz@hotmail.com |
| The Rams Football Company LLC | lsa@crescentbayadvisors.com |
| Ashwini Upadhyaya | ashwini@gmail.com |
| The OReilly 2010 Childrens Trust FBO Helen Nowacek | lsa@crescentbayadvisors.com |
| The OReilly 2010 Childrens Trust FBO Aileen Kruidenier | lsa@crescentbayadvisors.com |
| Dick Brouwer | dick@dickbrouwer.com |
| Adam Milstein | adam.milstein@hagerpacific.com |
| KRKB Family Trust | roman.margolin@gmail.com |
| The Carson D. Kruidenier Irrevocable Trust 2009 | lsa@crescentbayadvisors.com |
| The Madilyn M Nowacek Irrevocable Trust | lsa@crescentbayadvisors.com |
| The Audrey E. Nowacek Irrevocable Trust 2003 | lsa@crescentbayadvisors.com |
| The Graeme Perry Kruidenier Irrevocable Trust 2011 | lsa@crescentbayadvisors.com |
| Eyal Bilgrai | adieyalb@gmail.com |
| Harry Zimmerman | thezimgroup@gmail.com |
| Albert Liu | albertsy.liu@gmail.com |
| Ponvalley LLC | michael@ponvalley.com |
| Goodbank Irrevocable Trust | yoelbank@yahoo.com.mx |

*SERVED VIA OVERNIGHT MAIL*

Honorable Sheri Bluebond
United States Bankruptcy Court
255 E. Temple Street, Suite 1534
Los Angeles, CA 90012