Richard L. Wynne (Bar No. 120349)
richard.wynne@hoganlovells.com
Edward J. McNeilly (Bar No. 314588)
edward.mcneilly@hoganlovells.com
**HOGAN LOVELLS US LLP**
1999 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 785-4600
Facsimile: (310) 785-4601

*Attorneys for the Post-Effective Date Trustee*



FILED & ENTERED

AUG 08 2024

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY evangeli  DEPUTY CLERK

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:21-bk-10826-BB |
| KFIR GAVRIELI, | Chapter 11 Case |
| Debtor. | **ORDER GRANTING MOTION TO MODIFY PLAN PURSUANT TO 11 U.S.C. § 1127(e)** |
| | Hearing Date: August 7, 2024 <br> Time:  10:00 a.m. <br> Place:  Courtroom 1539 <br>  255 East Temple Street <br>  Los Angeles, CA 90012 |
| | Hon. Sheri Bluebond |

The Court having considered the *Notice of Motion and Motion to Modify Plan Pursuant to 11 U.S.C. § 1127(e)* [Docket No. 943] (the "Motion") filed July 12, 2024 by J. Michael Issa, Post-Effective Date Trustee of the Post-Effective Date Trust of Kfir Gavrieli, the memorandum of points and authorities and Declaration of Richard L. Wynne filed in support of the Motion, and no opposition having been filed to the Motion, and good cause appearing therefor,

**IT IS HEREBY ORDERED** as follows:

1.      Capitalized terms used but not defined in this order shall have the meanings ascribed to such terms in the Motion.

2.      The Motion is **GRANTED**.

3.      The Modification set forth on Exhibit A to the Motion, which is attached hereto as Exhibit A, is approved.

4.      The Plan, as modified by the Modification, shall remain in full force and effect. Except as modified by the Modification, the Plan has not been modified, amended or changed.

5.      The Court shall retain sole and exclusive jurisdiction over the enforcement of the terms of this Order, as well as with respect to all matters arising from or related to the implementation of this Order.

**IT IS SO ORDERED.**

### 

Date: August 8, 2024

Sheri Bluebond
United States Bankruptcy Judge

2

**Exhibit A**

**Proposed Modification to Chapter 11 Plan- MODIFY TO CONFORM.**

The proponent of this proposed Plan Modification is J. Michael Issa, the Post-Effective Date Trustee. The Post-Effective Date Trustee proposes the following modifications to Sections 1.1 and 4.3 of the Plan, with additions shown in bold blue underlined text.

Proposed Modification to Section 1.1

Add a new definition as Section 1.1.64A.

**64.A    *Postponed Distribution Date* means December 17, 2024.**

Proposed Modification to Section 4.3

**4.3    *Unsecured Claims***

Classes 3A to 3B consists of all Unsecured Claims.

**4.3.1 – Unsecured Judgment Claims (Class 3A)**

(a)    Classification. Class 3A consists of all Unsecured Judgment Claims.

(b)    Treatment. Subject to Article 4.7, except to the extent that a Holder of an Allowed Unsecured Judgment Claim agrees to less favorable treatment, each Holder of an Allowed Unsecured Judgment Claim shall receive, in full and complete settlement, release, and discharge of, and in exchange for such Allowed Unsecured Judgment Claim, its Unsecured Pro Rata Share of the Semi-Annual Unsecured Amount, if any **(i) with respect to the first Semi-Annual Unsecured Amount, on the Postponed Distribution Date and (ii) with respect to each subsequent Semi-Annual Unsecured Amount**, on each Semi-Annual Distribution Date after the **Postponed Distribution Date**, in Cash payments of principal and interest, computed on the amount of the value of the Allowed Unsecured Judgment Claim plus Interest at the Applicable Interest Rate from the Petition Date until such Holder receives the full value of the Allowed

2

Unsecured Judgment Claim plus Interest at the Applicable Interest Rate. If an Allowed Unsecured Judgment Claim is not paid in full after application of the Unsecured Pro Rata Share of the Semi-Annual Unsecured Amount distributable on the tenth Semi-Annual Distribution Date, an additional distribution shall be made on the tenth Semi-Annual Distribution Date in an amount equal to the remaining amount owed on account of the Allowed Unsecured Judgment Claim.

(c)     Impairment and Voting. Class 3A is Impaired. Holders of Unsecured Judgment Claims in Class 3A are entitled to vote to accept or reject the Plan.

**4.3.2 – General Unsecured Claims (Class 3B).**

(a)     Classification. Class 3B consists of all General Unsecured Claims.

(b)     Treatment. Subject to Article 4.7, except to the extent that a Holder of an Allowed General Unsecured Claim agrees to less favorable treatment, each Holder of an Allowed General Unsecured Claim shall receive, in full and complete settlement, release, and discharge of, and in exchange for such Allowed General Unsecured Claim, its Unsecured Pro Rata Share of the Semi-Annual Unsecured Amount, if any, **(i) with respect to the first Semi-Annual Unsecured Amount, on the Postponed Distribution Date and (ii) with respect to each subsequent Semi-Annual Unsecured Amount**, on each Semi-Annual Distribution Date after the **Postponed Distribution Date**, in Cash payments of principal and interest, computed on the amount of the value of the Allowed General Unsecured Claim plus Interest at the Applicable Interest Rate from the Petition Date until such Holder receives the full value of the Allowed General Unsecured Claim plus Interest at the Applicable Interest Rate. If an Allowed General Unsecured Claim is not paid in full after application of the Unsecured Pro Rata Share of the Semi-Annual Unsecured Amount distributable on the tenth Semi-Annual Distribution Date, an additional distribution shall be made on the tenth Semi-Annual Distribution Date in an amount equal to the remaining amount owed on account of the Allowed General Unsecured Claim.

(c)     Impairment and Voting. Class 3B is Impaired. The Holders of General Unsecured Claims in Class 3B are entitled to vote to accept or reject the Plan.