Richard L. Wynne (Bar No. 120349)
richard.wynne@hoganlovells.com
Edward J. McNeilly (Bar No. 314588)
edward.mcneilly@hoganlovells.com
**HOGAN LOVELLS US LLP**
1999 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 785-4600
Facsimile: (310) 785-4601

*Attorneys for the Post-Effective Date Trust*

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| In re | Case No. 2:21-bk-10826-BB |
| KFIR GAVRIELI, | Chapter 11 Case |
| Debtor. | **FIFTH POST-CONFIRMATION STATUS REPORT; DECLARATION OF J. MICHAEL ISSA IN SUPPORT THEREOF** |
| | Hearing Date and Time: |
| | Date:  November 12, 2024 |
| | Time: 2:00 pm PT |
| | Place: 255 E. Temple Street |
| |        Los Angeles, California 90012 |
| |        Judge:  Hon. Sheri Bluebond |

**TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY JUDGE, THE COMMITTEE, THE UNITED STATES TRUSTEE, AND ALL OTHER PARTIES-IN-INTEREST:**

J. Michael Issa, the Post-Effective Date Trustee (the "PED Trustee") of the Post-Effective Date Trust (the "Trust") in the above-captioned chapter 11 bankruptcy case of Kfir Gavrieli (the "Debtor"), hereby submits this fifth post-effective date status report (the "Status Report") and supporting declaration (the "Issa Declaration") in connection with the upcoming status conference.

## BACKGROUND

1.      On February 1, 2021, the Debtor filed a voluntary petition under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Central District of California, Los Angeles Division (the "Court").

2.      The Debtor is a self-employed entrepreneur and serves as the CEO of a company that he co-founded and co-owns. The Debtor owned non-controlling, passive investment interests in a number of real estate, technology, energy, healthcare, and other ventures. Further information can be found in the *Declaration of Kfir Gavrieli In Support of First-Day Motions* [Docket No. 36].

3.      On March 10, 2021, the Office of the United States Trustee (the "U.S. Trustee") filed a notice regarding the appointment of the Official Committee of Unsecured Creditors in the above-styled case (the "Committee") [Docket No. 116].  On March 17, 2021, the Committee selected Hogan Lovells US LLP ("Hogan Lovells") as counsel.

4.      On or about July 27, 2021, the U.S. Trustee appointed Robert Kors as Chapter 11 Trustee (the "Chapter 11 Trustee") [Docket No. 402]. The Court approved the Chapter 11 Trustee's appointment on July 28, 2021 [Docket No. 404].

5.      On January 28, 2022, the Chapter 11 Trustee filed the *Chapter 11 Trustee's Plan of Reorganization* [Docket No. 621] (as modified or amended, and including all exhibits thereto, the "Plan") and the *Disclosure Statement for the Chapter 11 Trustee's Plan of Reorganization* [Docket No. 622] (as modified or amended, and including all exhibits thereto, the "Disclosure Statement").

1

6.    On May 31, 2022, the Court confirmed the Plan [Docket No. 834] (the "Confirmation Order"). The Confirmation Order provides that: "[t]he first post confirmation status report, which shall attach a declaration from the PED Trustee, shall be filed by the PED Trustee no later than October 28, 2022, and the first post-confirmation case status conference shall be held on November 9, 2022, at 11:00 a.m. (prevailing Pacific Time)." Confirmation Order at ¶ 20.

7.    The Plan went effective on June 17, 2022, at 3:00 p.m. (prevailing Pacific Time) (the "Effective Date"), at which time the PED Trustee was appointed as the responsible party for the Debtor's bankruptcy estate [Docket No. 842].

8.    On June 24, 2022, the PED Trustee filed and served the *Notice of Hearing on Final Fee Applications* [Docket No. 845]. Thirteen professionals filed final fee applications that were granted by Order dated August 31, 2022 [Docket No. 892] (the "Final Fee Order"). The PED Trustee has paid all fees authorized by the Final Fee Order.

9.    On October 28, 2022, the PED Trustee filed and served the first post-confirmation status report [Docket No. 895]. On April 28, 2023, the PED Trustee filed and served the second post-confirmation report [Docket No. 901]. On November 3, 2023, the PED Trustee filed and served the third post-confirmation report [Docket No. 914]. On May 3, 2024, the PED Trustee filed and served the fourth post-confirmation report [Docket No. 940]. The time between May 3, 2024 and the date hereof is referred to as the "Status Report Period."

**CHAPTER 11 CASE**

10.    During the Status Report Period, the PED Trustee has taken multiple steps to consummate the Plan, including the following:

**I.    Progress Made Towards Plan Consummation**

11.    Attached to the Issa Declaration as Exhibit A is a schedule setting forth each debt and each class of claims, the total amount required to be paid under the Plan, the amount required to be paid as of the date of this Status Report, and the amount actually paid as of the date hereof.

12.    There are no unpaid administrative claims as of the date hereof.

13.    As of October 31, 2024, payments to the IRS and FTB, which include cash, already issued tax credits, and pending tax credits, totaling $16,494,582 have been made. The PED Trustee

2

has timely paid any post-confirmation tax liabilities incurred by the Trust.

14.     As of October 31, 2024, payments on account of secured claims totaling $474,778.56 have been made.

15.     The PED Trustee believes that the allowed priority claims of $15,554,693, which were estimated in the Disclosure Statement to require total Plan payments of $16,454,982, have been fully satisfied through (i) cash payments of $7,298,791 (comprising payments of $5,298,791 from Gavrieli Brands LLC (in accordance with the Plan)) and (ii) offsets of outstanding tax refunds and accumulated interest on the refunds from the taxing authorities. The PED Trustee is actively engaging with the taxing authorities to confirm the payoff status.

16.     Section 2.3(d) of the Plan requires Allowed Priority Tax Claims (as defined in the Plan) to be paid off by the eight Quarterly Priority Tax Distribution Date (as defined in the Plan) (i.e., June 17, 2024). Pending confirmation of the status of payment of Allowed Priority Tax Claims from the taxing authorities, the PED Trustee had intended to begin making scheduled payments to general unsecured creditors on June 17, 2024.

17.     However, to facilitate ongoing settlement discussions and a potential comprehensive resolution with Dikla and Dean Unatin (the "Unatins") of the ongoing disputes between the Debtor, the estate and the Unatins that could benefit all parties in interest, on July 1, 2024, the PED Trustee filed a motion to modify the chapter 11 plan [Docket No. 943] (the "Plan Modification Motion"). By the Plan Modification Motion, the PED Trustee sought to modify the Plan to postpone the first semi-annual payment to general unsecured creditors to December 17, 2024. On August 8, 2024, the Court entered an order approving the Plan Modification Motion [Docket No. 946].

18.     At the commencement of the Status Report Period, the Trust held $465,513 in cash. As of October 31, 2024 the PED Trustee held $188,945 in cash.

19.     Since the Effective Date, the PED Trustee has made or authorized payments and credits to creditors and counsel for post-effective date work of $20,540,563.

20.     As of October 31, 2024, the PED Trustee has drawn a total of $4,290,000 from the

RJB Revolving Credit Agreement to make payments required by the Plan.[1]

21.    The PED Trustee anticipates that a final decree will be requested in approximately May 2027, following the final Plan payments.

## II.    Compliance with U.S. Trustee Requirements

22.    The PED Trustee is in compliance with all of his applicable statutory duties and U.S. Trustee guidelines.

23.    The PED Trustee has filed two quarterly reports [Docket Nos. 944 and 948] during the Status Report Period and is current on U.S. Trustee fees.

## III.    Unatin Litigation

24.    On February 19, 2021, the Unatins commenced an adversary proceeding (the "Unatins Litigation") against the Debtor and the company owned by the Debtor and Dikla Unatin, as a nominal defendant,, Adversary Case No. 2:21-ap-01034-BB (the "Unatin Adv. Docket").

25.    On May 24, 2021, the Unatins filed an *Amended Complaint* (the "Amended Complaint") against the Debtor and the company owned by the Debtor and Dikla Unatin, as a nominal defendant [Unatin Adv. Docket No. 29]. The Unatins asserted seventeen causes of action, including direct and derivative claims, for non-dischargeability, breach of contract, contractual indemnity, unjust enrichment, intentional interference with contractual relations, expulsion of the Debtor from the Company, appointment of a receiver for the Company, breach of fiduciary duty, corporate waste, conversion, violation of California Penal Code § 496, and an accounting. *Id.*

26.    Following the Effective Date, the PED Trustee was substituted for the Chapter 11 Trustee in connection with the Unatin Litigation. *See* Confirmation Order ¶ 8.

27.    On August 8, 2022, the Court entered an Order on the motion to dismiss the Amended Complaint [Unatin Adv. Docket No. 111], dismissing with prejudice six causes of action and dismissing with leave to amend eight derivative causes of action.

28.    On September 2, 2022, Dikla Unatin filed a *Second Amended Verified Complaint* (the "Second Amended Complaint") [Unatin Adv. Docket No. 114].

---

[1] The PED Trustee drew $2,950,000 at the end of 2022, $700,000 in 2023, and has drawn $640,000 in 2024.

29. On December 21, 2022, the Court entered an Order on the motion to dismiss the Second Amended Complaint [Unatin Adv. Docket No. 124], dismissing with prejudice five causes of action, striking eight causes of action, and dismissing with leave to amend seven causes of action.

30. On January 20, 2023, the Unatins filed a *Third Amended Verified Derivative Complaint* (the "Third Amended Complaint") [Unatin Adv. Docket No. 128].

31. On March 7, 2023, the PED Trustee filed a motion to dismiss the Third Amended Complaint [Unatin Adv. Docket No. 129] (the "Third Amended Complaint MTD"). Following a hearing held on May 9, 2023, the Court entered an order denying the Third Amended Complaint MTD and ordering that all claims in the Third Amended Complaint be limited to alleged acts or omissions that occurred after July 22, 2019. [Unatin Adv. Docket No. 141]. The Court barred Plaintiff Dikla Gavrieli Unatin from seeking relief for alleged acts or omissions that occurred before July 22, 2019, but that were discovered thereafter. *Id*. ¶ 1. The Court ordered the PED Trustee to answer the Third Amended Complaint no later than June 12, 2023. *Id*. ¶ 2.

32. On June 12, 2023, the PED Trustee filed his answer to the Third Amended Complaint. [Unatin Adv. Docket No. 143].

33. The parties have subsequently engaged in motion practice with respect to discovery and have engaged in discovery. The PED Trustee and the Unatins continue to engage in global settlement discussions and, on October 23, 2024, the PEDT Trustee and the Unatins stipulated to extend all pending deadlines in the Unatin Litigation to facilitate those discussions. [Unatin Adv. Docket No. 211].  The Court approved this stipulation. [Unatin Adv. Docket No. 213].

34. The PED Trustee has retained Hueston Hennigan LLP, counsel to the Chapter 11 Trustee handling the Unatin Litigation prior to the Effective Date, to represent him in connection with this litigation.

**IV.      The Equitable Subordination Litigation**

35. On February 14, 2022, the Committee commenced an adversary proceeding (the "Equitable Subordination Litigation") seeking to equitably subordinate the Unatins' claims under Bankruptcy Code 510(c), Adversary Case No. 2:22-ap-01042-BB (the "Adv. Docket").

5

36. Following the Effective Date, the PED Trust was substituted for the Committee in connection with the Equitable Subordination Litigation. *See* Confirmation Order ¶ 8.

37. On June 28, 2022, the Court held a hearing on (i) *Plaintiff's Motion for Summary Judgment on Complaint for Equitable Subordination Under 11 U.S.C. § 510(c)* [Adv. Docket No. 7] (the "Plaintiff's MSJ") and (ii) *Defendants' Dikla Gavrieli A/K/A Dikla Gavrieli Unatin and Dean K Unatin's Motion for Summary Judgment* [Docket No. 51] (the "Defendants' MSJ").

38. At the hearing, the Court orally denied the Defendants' MSJ and, on July 5, 2022, entered an order denying Defendants' MSJ [Adv. Docket No. 81].

39. Also at the hearing, the Court granted the Plaintiff's MSJ in part, stating that "I want to equitably subordinate the Unatins' claims to the amount of the interest, penalties, fines, tax, professional fees attributable to the tax scheme" (Hearing Tr. 72:3-6) and granting the Plaintiff's MSJ "to extent of fees, interest, penalties attributable to tax scheme." Hearing Tr. 73:4-6.

40. On April 6, 2023, after the PED Trustee and the Unatins had fully briefed the issue, the Court held a hearing on the extent to which the Unatins' claims should be subordinated on summary judgment. The Court granted the Plaintiff's MSJ in part and denied it in part, holding that that the Unatins' claims should be subordinated, on summary judgment, to the extent of (i) penalties and interest with respect to taxes and interest due for tax years 2013 through 2015 and (ii) $1,710,833.79 in professional fees incurred by the Debtor and the bankruptcy estate in connection with the overseas voluntary disclosure program and related state tax issues, including repatriation of the Hong Kong funds (the "OVDP Professional Fees"). [Adv. Docket No. 120].

41. On May 8, 2023, consistent with its oral ruling at the April 6, 2023 hearing, the Court entered an order granting in part and denying in part Plaintiff's MSJ. [Adv. Docket No. 125] (the "Plaintiff's MSJ Order"). The Plaintiff's MSJ Order equitably subordinated the Unatins' claims on summary judgment in the amount of $4,558,732.48, comprising (i) $2,847,898.69 in penalties and interest with respect to taxes and interest due for tax years 2013 through 2015 and (ii) $1,710,833.79 in OVDP Professional Fees.

42. As with the Unatin Litigation, The PED Trustee and the Unatins continue to engage

6

in global settlement discussions and, on October 23, 2024, stipulated to extend all pending deadlines in the Equitable Subordination Litigation to facilitate those discussions. [Adv. Docket No. 169]. The Court approved this stipulation. [Adv. Docket No. 171].

43.    The PED Trustee has retained Hogan Lovells, counsel to the Committee handling the Equitable Subordination Litigation prior to the Effective Date, and Hueston Hennigan to represent him in connection with this litigation. The PED Trustee has also retained Hogan Lovells to handle other matters, including but not limited to the filing of this Status Report.

Dated: November 1, 2024                    HOGAN LOVELLS US LLP

                                           By    /s/ *Richard L. Wynne*
                                               Richard L. Wynne (Bar No. 120349)
                                               richard.wynne@hoganlovells.com
                                               Edward J. McNeilly (Bar No. 314588)
                                               edward.mcneilly@hoganlovells.com
                                               1999 Avenue of the Stars, Suite 1400
                                               Los Angeles, California 90067
                                               Telephone: (310) 785-4600
                                               Facsimile: (310) 785-4601

                                           Attorneys for the Post-Effective Date Trust

7

## DECLARATION OF J. MICHAEL ISSA

I, J. Michael Issa, declare, that if called as a witness, I would and could competently testify based on my own personal knowledge as follows.

1.      I am the Post-Effective Date Trustee appointed in this Chapter 11 case. I submit this Declaration in support of the *Fifth Post-Confirmation Status Report* dated November 3, 2024 (the "Fifth Status Report").[2]

2.      On October 28, 2022, I filed and served the first post-confirmation status report [Docket No. 895]. On April 28, 2023, I filed and served the second post-confirmation status report [Docket No. 901]. On November 3, 2023, I filed and served the third post-confirmation status report [Docket No. 914]. On May 3, 2024, I filed and served the fourth post-confirmation report [Docket No. 940] (the "Fourth Status Report"). The time between May 3, 2024 and the date hereof is referred to as the "Status Report Period."

3.      Since the Fourth Status Report was filed, I have taken multiple steps to consummate the Plan.

4.      Attached hereto as Exhibit A is a schedule setting forth each debt and each class of claims, the total amount required to be paid under the Plan, the amount required to be paid as of the date of this Fifth Status Report, and the amount actually paid as of the date hereof.

5.      There are no unpaid administrative claims as of the date hereof.

6.      Since the Effective Date, I have made or authorized payments and credits to creditors and counsel for post-effective date work of $20,540,563.

7.      As of October 31, 2024, payments to the IRS and FTB, which include cash, already issued tax credits, and pending tax credits, totaling $16,454,982 have been made. I believe that the allowed priority claims of $15,554,693, which were estimated in the Disclosure Statement to require total Plan payments of $16,454,982, have been fully satisfied through (i) cash payments of $7,298,791 (comprising payments of $5,298,791 from Gavrieli Brands LLC (in accordance with the Plan)) and (ii) offsets of outstanding tax refunds and accumulated interest on the refunds from

---

[2] Capitalized terms not otherwise defined herein have the meaning set forth in the Fifth Status Report.

the taxing authorities. I am actively engaging with the taxing authorities to confirm the payoff status.

8.    Section 2.3(d) of the Plan requires Allowed Priority Tax Claims (as defined in the Plan) to be paid off by the eight Quarterly Priority Tax Distribution Date (as defined in the Plan) (i.e., June 17, 2024). Pending confirmation of the status of payment of Allowed Priority Tax Claims from the taxing authorities, I intended to begin making scheduled payments to general unsecured creditors on June 17, 2024.

9.    However, to facilitate ongoing settlement discussions and a potential comprehensive resolution with Dikla and Dean Unatin (the "Unatins") of the ongoing disputes between the Debtor, the estate and the Unatins that could benefit all parties in interest, on July 1, 2024, I filed a motion to modify the chapter 11 plan [Docket No. 943] (the "Plan Modification Motion"). By the Plan Modification Motion, I sought to modify the Plan to postpone the first semi-annual payment to general unsecured creditors to December 17, 2024. On August 8, 2024, the Court entered an order approving the Plan Modification Motion [Docket No. 946].

10.    To the best of my knowledge, there are no post-confirmation tax liabilities as of the date of this Fifth Status Report.

11.    As of October 31, 2024, payments on account of secured claims totaling $474,778.56 have been made.

12.    At the commencement of the Status Report Period, the Trust held $465,513 in cash. As of October 31, 2024, the PED Trustee held $188,945 in cash.

13.    As of October 31, 2024, the Trust has drawn a total of $4,290,000 from the RJB Revolving Credit Agreement to make payments required by the Plan.

14.    I anticipate that a final decree will be requested in approximately May 2027, following the final Plan payments.

15.    I am in compliance with all of my applicable statutory duties and guidelines of the U.S. Trustee. The Trust has filed two quarterly reports [Docket Nos. 944 and 948] during the Status Report Period and is current on U.S. Trustee fees.

16.    Following the entry of the Effective Date, the Trust was substituted for the

9

Committee in connection with the Equitable Subordination Litigation and for the Chapter 11 Trustee in the Unatin Litigation.

17.    I have retained Hueston Hennigan LLP, counsel to the Chapter 11 Trustee handling the Unatin Litigation prior to the Effective Date, to represent the Trust in connection with this litigation.

18.    I have retained Hogan Lovells US LLP, counsel to the Committee handling the Equitable Subordination Litigation prior to the Effective Date, and Hueston Hennigan to represent the Trust in connection with this litigation. I have also retained Hogan Lovells to handle other matters, including but not limited to the filing of this Fifth Status Report.

19.    I have been have engaged in global settlement discussions with the Unatins and, on October 23, 2024, stipulated to extend all pending deadlines in the Unatin Litigation and the Equitable Subordination Litigation to facilitate those discussions.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 1st day of November 2024 in Orange County, California.

_____
J. MICHAEL ISSA

**<u>Exhibit A</u>**

**Kfir Gavrieli**

| Creditor | Projected Allowed Claims Total | Payments due Prior to 10/31/2024 Total | Current Period Actual Payments Total |
|---|---|---|---|
| Priority Unsecured Claims | | | |
| IRS and CA FTB | 16,454,982 | 16,454,982  [1] | -  [1] |
| | 16,454,982 | 16,454,982 | - |
| Secured Claims | | | |
| Jason Fung | 113,867 | 68,844 | 13,769 |
| Ravi Sarin | 284,111 | 171,774 | 34,355 |
| Sonia Yu | 113,844 | 68,830 | 13,766 |
| Casa Hermosa (Naty Saidoff) | 276,563 | 165,330 | 33,066 |
| | 788,385 | 474,778 | 94,956 |
| General Unsecured Claims | | | |
| Rams Football | 690,972 | - | - |
| Graeme Kruidenier Trust | 177,465 | - | - |
| Carson Kruidenier Trust | 177,465 | - | - |
| Helen Nowacek Trust | 517,917 | - | - |
| Madilyn Nowacek Trust | 177,465 | - | - |
| Aileen Kruidenier Trust | 517,917 | - | - |
| Audrey E. Nowacek Trust | 177,465 | - | - |
| Adam Milstein | 235,000 | - | - |
| Albert Liu | 58,833 | - | - |
| Dick Brouwer | 293,403 | - | - |
| Eyal Bilgrai | 117,417 | - | - |
| Goodbank Trust | 58,750 | - | - |
| Harry Zimmerman | 117,500 | - | - |
| Ponvalley | 58,833 | - | - |
| KRKB Family Trust | 234,833 | - | - |
| Ashwini Upadhyaya | 528,000 | - | - |
| Ronald Paz Vargas | 586,667 | - | - |
| Dikla Unatin (Judgement Lien) | 16,212,243 | - | - |
| Dean Unatin (Judgement Lien) | 1,003,730 | - | - |

| | | | |
|---|---|---|---|
| Dan Nir | 3,578,904 | - | - |
| Hochman Salkin Toscher Perez | 33,972 | - | - |
| Horvitz & Levy | 60,424 | - | - |
| Mira Gavrieli (KG's Mom) | 500,667 | - | - |
| Haviv Gavrieli (KG's Dad) | 3,090,615 | - | - |
| Miller Barondess | 34,302 | - | - |
| | 29,240,761 | 0 | 0 |

[1] The payment for priority claims include (i) cash payments of $7,298,791 (comprising payments of $5,298,791 from Gavrieli Brands LLC (in accordance with the Plan)) and (ii) offsets of outstanding tax refunds and accumulated interest on the refunds from the taxing authorities. The PED Trustee is actively engaging with the taxing authorities to confirm the payoff status.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

1999 Avenue of the Stars, Suite 1400, Los Angeles, California 90067

A True and correct copy of the foregoing document(s) entitled (*specify*):

**FIFTH POST-CONFIRMATION STATUS REPORT; DECLARATION OF J. MICHAEL ISSA IN SUPPORT THEREOF**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **November 1, 2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **November 1, 2024,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **November 1, 2024,** I will serve the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☒  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 1, 2024 | Tracy Southwell | /s/ Tracy Southwell |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

\\4131-6230-4852  v1

**In re Kfir Gavrieli**
**Case No: 2:21-bk-10826-BB**

*SERVED VIA NEF*

- **William H Brownstein**   Brownsteinlaw.bill@gmail.com
- **Amir Gamliel**   amir-gamliel-9554@ecf.pacerpro.com,
  cmallahi@perkinscoie.com;DocketLA@perkinscoie.com
- **Peter Gilhuly**   peter.gilhuly@lw.com, peter-gilhuly-1776@ecf.pacerpro.com
- **Gregory K Jones**   gjones@stradlinglaw.com, smjohnson@sycr.com;smjohnson@stradlinglaw.com
- **Tobias S Keller**   tkeller@kellerbenvenutti.com
- **Robert Allan Kors (TR)**   robertkorstrustee@gmail.com
- **Jordan A Kroop**   jkroop@pszjlaw.com, rleibowitz@perkinscoie.com
- **Allison L Libeu**   alibeu@hueston.com, sjones@hueston.com
- **William N Lobel**   wlobel@tocounsel.com, mmason@tocounsel.com
- **Kerri A Lyman**   klyman@steptoe.com, #-
  FirmPSDocketing@Steptoe.com;nmorneault@Steptoe.com;mhernandez@steptoe.com;aodonnell@steptoe.com
- **Edward J McNeilly**   edward.mcneilly@hoganlovells.com, tracy.southwell@hoganlovells.com
- **Amy Quartarolo**   amy.quartarolo@lw.com, laura.pumerville@lw.com;amy-quartarolo-2972@ecf.pacerpro.com
- **Jeffrey M. Reisner**   jreisner@steptoe.com, #-
  FirmPSDocketing@Steptoe.com;klyman@steptoe.com;nmorneault@Steptoe.com
- **Daniel S Schecter**   daniel.schecter@lw.com
- **William Schumacher**   wschumacher@winthrop.com, autodocketecf@milbank.com
- **Najah J Shariff**   najah.shariff@usdoj.gov, caseview.ecf@usdoj.gov;usacac.tax@usdoj.gov
- **David Samuel Shevitz**   David.S.Shevitz@usdoj.gov
- **Mark Shinderman**   mshinderman@milbank.com, dmuhrez@milbank.com;dlbatie@milbank.com
- **Dara L Silveira**   dsilveira@kbkllp.com, cmitsuoka@kbkllp.com
- **Mohammad Tehrani**   mtehrani@milbank.com,
  aromain@milbank.com;bnicholson@milbank.com;cbrennand@milbank.com
- **United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov
- **Johnny White**   JWhite@wrslawyers.com, jlee@wrslawyers.com
- **Richard Lee Wynne**   richard.wynne@hoganlovells.com,
  tracy.southwell@hoganlovells.com;cindy.mitchell@hoganlovells.com;rick-wynne-7245@ecf.pacerpro.com

*SERVED VIA EMAIL*

| NAME | EMAIL |
|---|---|
| Dan Nir | nir@sargcap.com |
| Ronald Paz Vargas | ronaldpaz@hotmail.com |
| The Rams Football Company LLC | lsa@crescentbayadvisors.com |
| Ashwini Upadhyaya | ashwini@gmail.com |
| The OReilly 2010 Childrens Trust FBO Helen Nowacek | lsa@crescentbayadvisors.com |
| The OReilly 2010 Childrens Trust FBO Aileen Kruidenier | lsa@crescentbayadvisors.com |
| Dick Brouwer | dick@dickbrouwer.com |

\\4131-6230-4852 v1

| | |
|---|---|
| Adam Milstein | adam.milstein@hagerpacific.com |
| KRKB Family Trust | roman.margolin@gmail.com |
| The Carson D. Kruidenier Irrevocable Trust 2009 | lsa@crescentbayadvisors.com |
| The Madilyn M Nowacek Irrevocable Trust | lsa@crescentbayadvisors.com |
| The Audrey E. Nowacek Irrevocable Trust 2003 | lsa@crescentbayadvisors.com |
| The Graeme Perry Kruidenier Irrevocable Trust 2011 | lsa@crescentbayadvisors.com |
| Eyal Bilgrai | adieyalb@gmail.com |
| Harry Zimmerman | thezimgroup@gmail.com |
| Albert Liu | albertsy.liu@gmail.com |
| Ponvalley LLC | michael@ponvalley.com |
| Goodbank Irrevocable Trust | yoelbank@yahoo.com.mx |

### *SERVED VIA U.S. MAIL*

Kfir Gavrieli
11771 Montana Ave., #215
Los Angeles, CA 90049

Office of the United States Trustee
Attn: David Samuel Shevitz
915 Wilshire Boulevard, Suite 1850
Los Angeles, Ca 90017

U.S. Attorney's Office
Attn.: Najah J. Shariff
300 N. Los Angeles Street, Suite 7516
Los Angeles, CA 90012

Department of Treasury
PO Box 7346
Philadelphia, PA 19101-7346

Franchise Tax Board
PO Box 2952
Sacramento, CA 95812-2952

### *SERVED VIA OVERNIGHT MAIL*

Honorable Sheri Bluebond
United States Bankruptcy Court
255 E. Temple Street, Suite 1534
Los Angeles, CA 90012

\\4131-6230-4852  v1